Henry H. DuBois, Respondent, *v.* William M. Decker, Appellant.

A physician and surgeon engages to bring to the treatment of his patient, care, skill and knowledge, and while, when exercising these, he is not responsible for mere errors in judgment, he is chargeable with knowledge of the probable consequence of an injury, or of neglect in its treatment, or unskillful treatment.

When a liability for negligence or malpractice is established, proof that the patient, after the liability was incurred, disobeyed the orders of the physician and so aggravated the injury, does not discharge the liability; it simply goes in mitigation of damages.

Where an indigent person, having met with an accident, was taken to an alms-house, and was treated and attended there by a physician employed and paid by the public, *held*, that it was no defense, in an action for malpractice, that he was not employed by, and that there was no contract relations between, him and plaintiff.

*It seems*, the fact that a physician or surgeon renders his services gratuitously does not absolve him from the duty to exercise reasonable and ordinary care, skill and diligence.

(Argued December 1, 1891; decided December 15, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made March 16, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. T. Clearwater* for appellant. The denial of the motion for a nonsuit was error. The entire evidence has been incorporated in the case on appeal, and taken altogether it was insufficient to justify the submission of the cause to the jury, or to sustain the verdict. (Whart. on Neg. §§ 733, 737; S. & R. on Neg. §§ 434, 435, 437, 439, 440, 442; *Rich* v. *Pierpont*, 3 F. & F. 35.) The plaintiff was guilty of contributory negligence. (*Hibbard* v. *Thompson*, 109 Mass. 286; Whart. on Neg. § 737; S. & R. on Neg. § 37; *Curran* v. *W. C. & M. Co.*, 36 N. Y. 153; *Wood* v. *Andes*, 11 Hun, 543;

2 Thompson on Neg. 1216; *Geiselman* v. *Scott*, 25 Ohio St. 86; *McCandless* v. *Ho Wha*, 22 Penn. St. 261; *Haire* v. *Reese*, 7 Phila. 138.) The declaration must show a duty, and the particular contract or particular duty from which the liability results. But to state merely that it was the defendant's duty to do so and so, if it do not appear from the other facts stated that it was his duty, is not sufficient. (*City of Buffalo* v. *Holloway*, 7 N. Y. 493.) The learned trial court further erred in refusing to charge as requested by the defendant. "Defendant asks the court to charge that as defendant treated the plaintiff gratuitously he is liable, if at all, only for gross negligence." (S. & R. on Neg. § 432; *Owen* v. *H. R. R. R. Co.*, 35 N. Y. 516; *Bonney* v. *B. R. R. Co.*, 1 How. [U. S.] 66.) The court erred in overruling the objection of the defendant to the admission of the testimony as to his dancing the racket. (*Wehle* v. *Haviland*, 42 How. Pr. 399; 4 Daly, 550.) In actions of negligence where evidence bearing with directness and force upon the liability of the defendant has been erroneously admitted or evidence tending to show contributory negligence upon the part of the plaintiff, improperly excluded, a new trial must be granted, even although there be unobjectionable evidence sufficient to sustain the verdict. (*Baird* v. *Gillett*, 47 N. Y. 186; *Strohn* v. *N. Y., L. E. & W. R. R. Co.*, 96 id. 305; *Anderson* v. *R., W. & O. R. R. Co.*, 5 N. Y. 334; *Hawley* v. *Hatter*, 9 Hun, 134; *Cropey* v. *Perry*, 1 How. [U. S.] 40; *Waring* v. *U. S. T. Co.*, 4 Daly, 233; *O'Hagan* v. *Dillon*, 76 N. Y. 170; *William* v. *Fitch*, 18 id. 546; *McPhillips* v. *N. Y., N. H. & H. R. R. Co.*, 12 Daly, 365; *Hallgarten* v. *Eckert*, 67 Barb. 59.)

*Samuel T. Hull* for respondent. This court has no power to review the determination of the General Term in affirming the order denying the motion for a new trial made upon the judge's minutes and on the grounds that the verdict was against the evidence. (*Duryea* v. *Vosburgh*, 121 N. Y. 57.) The questions involved in this case were questions of fact for the

jury, and they have found against the defendant thereon, and a judgment entered upon their verdict upon questions of fact will not be disturbed by the appellate court. (*Green* v. *Fortier*, 80 N. Y. 640; *Oldfield* v. *N. Y. C. & H. R. R. R. Co.*, 14 id. 310.) The motion to dismiss the complaint was properly denied by the trial court. (*Zabriskie* v. *Smith*, 13 N. Y. 322; *Marie* v. *Garrison*, 83 id. 23; *Neftel* v. *Lightstone*, 77 id. 96, 99; *Connaughty* v. *Nichols*, 42 id. 83; *Ledwich* v. *McKin*, 53 id. 307; *Graves* v. *Waite*, 59 id. 156.) When there is a general objection to evidence and it is overruled and the evidence is received, the rulings will not be held erroneous unless there be some grounds which could not have been obviated had they been specified, or unless the evidence in its essential nature be incompetent. The defendant having failed to specify any such ground upon the trial, he is not in position to urge the same upon this appeal. (*Bergman* v. *Jones*, 94 N. Y. 51, 58; *Quimby* v. *Stauss*, 90 id. 664; *Daly* v. *Byrne*, 77 id. 182, 187; *Levin* v. *Russell*, 42 id. 251, 255; *People* v. *Beach*, 87 id. 508; *Beir* v. *Cooke*, 37 Hun, 38; *Fountain* v. *Petter*, 38 N. Y. 184; *Crosby* v. *Day*, 81 id. 242; *Ward* v. *Kilpatrick*, 85 id. 417; *Chester* v. *Dickerson*, 54 id. 13.) The exclusion of competent testimony is cured by its subsequent admission. (*Fountain* v. *Petter*, 38 N. Y. 184.) When after the evidence of a witness as to a matter is excluded, the same witness is allowed to testify fully in reference thereto, this obviates the error, if any, in the prior ruling. (*In re Crosby* v. *Day*, 81 N. Y. 242.) There was no ground of objection to the question: Did you have any talk with Dr. C. W. Crispell in regard to the injury? (*Briggs* v. *Waldron*, 83 N. Y. 582.) A surgeon having adopted a process which was not successful, to the exclusion of one which might and probably would have proved so, is not entitled to the benefits which would inure to the skillful surgeon from an error of judgment or mistake. (*Carpenter* v. *Blake*, 50 N. Y. 696; *Stearns* v. *Field*, 90 id. 641; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 42; *Cowley* v. *People*, 83 id. 464; *Harnet* v. *Garvey*, 66 id. 641.) The opinion of a medical man upon the cause of death, the

cause or effect of an injury, the effect of a medicine or a particular treatment is admissible. ( *Wright* v. *Hardy*, 2 Wis. 334; *Mayo* v. *Wright*, 63 Mich. 32.) Even if some of the questions asked were too broad, the answers having been limited to the points at issue, there was no error. ( *Wright* v. *Cabot*, 89 N. Y. 570.) The motion for a nonsuit and the request to direct a verdict for the defendant were properly denied, the questions in the case being peculiarly questions of fact for the jury, and the motion for a nonsuit having only been made *pro forma*. (*Boldt* v. *Murray*, 2 N. Y. S. R. 232, 234.) The defendant asked the court to charge : " That if plaintiff did not obey defendant's instructions, and this contributed to an aggravation to the injury, the plaintiff cannot recover." The court declined to charge it in the form in which it was put, and the ruling was proper. (*Carpenter* v. *Blake*, 60 Barb. 488; 50 N. Y. 696; 75 id. 12; *Schile* v. *Brokhaus*, 80 id. 614; *Gould* v. *McKenna*, 86 Penn. St. 297; *McCandlass* v. *McWha*, 22 id. 261.) The fact that a physician or surgeon renders services gratuitously, does not affect his duty to exercise reasonable and ordinary care, skill and diligence. (*McNevins* v. *Lowe*, 40 Ill. 209; *Gladwell* v. *Steggall*, 5 Bing. [N. C.] 733; *Nugent* v. *B., C. & M. R. R. Co.*, 80 Me. 62; *Bennett* v. *Whitney*, 94 N. Y. 302, 306; *Hover* v. *Barkhoof*, 44 id. 113.) If the court has already charged the law as to the material questions involved, it is not error to decline to charge abstract propositions submitted by counsel. (*Moody* v. *Osgood*, 54 N. Y. 488; *Algur* v. *Gardiner*, 54 id. 360, 364; *Carpenter* v. *Blake*, 60 Barb. 488, 519; 50 N. Y. 696.) The law implies that surgeons and physicians, in the treatment of all the cases they undertake, will have and exercise reasonable and ordinary skill, care and diligence, and give attention proportionate to the delicacy and importance of the operation and case. (*Carpenter* v. *Blake*, 60 Barb. 489; 50 N. Y. 696; 75 id. 12; *Bellinger* v. *Craigne*, 31 Barb. 534; *Holtzman* v. *Hoy*, 118 Ill. 534.) The defendant having admitted by his own testimony that he had not had experience in surgery sufficient to justify his attempt to treat the plaintiff,

cannot avail himself of the defense that he acted according to his best skill and judgment. (Wood on Master and Servant, 330, 331.) The question as to whether there was want of skill or negligence on the part of the defendant was for the jury, and the jury, upon abundant evidence thereof, have found against the defendant, and he is concluded by their verdict. (*Boldt* v. *Murray*, 2 N. Y. S. R. 232; *Hagman* v. *H. L. Im. Co.*, 50 N. Y. 53, 55; *Maher* v. *C. P. & C. R. R. Co.*, 67 id. 52, 55; *Downs* v. *N. Y. C. R. R. Co.*, 56 id. 664; *Hamilton* v. *T. A. R. R. Co.*, 53 id. 25; *Green* v. *Fortier*, 80 id. 640.)

Haight, J. This action was brought to recover damages of the defendant a physician and surgeon, for alleged malpractice suffered by the plaintiff whilst undergoing treatment as a patient.

On the 1st day of December, 1889, the plaintiff undertook to jump onto an engine of the Ulster and Delaware railroad, in the city of Kingston, and in doing so slipped, and his left foot was caught by the tender, and a portion thereof crushed. Being destitute he was taken to the city alms-house, where he was treated by the defendant, who was one of the city physicians having the care of the patients therein, and who was employed for that purpose. Thereafter, and on the tenth day of December, he amputated the plaintiff's leg above the ankle joint, and six or seven days thereafter, gangrene having set in, he again amputated the leg at the knee joint. After the second amputation the leg did not properly heal, but became a running sore, and at the time of the trial the bone protruded some three or four inches.

Evidence was given upon the trial from which the jury might find that the bones of the foot were so crushed that immediate amputation of the injured portions was necessary, and that the appearance of gangrene was in consequence of the delay of ten days in the operation; and that in the second operation the defendant neglected to save flap enough to cover the end of the limb and bone, and that the subsequent protrusion of the bone was owing to this neglect.

The question of defendant's liability consequently became
one for the jury. We are aware that he claimed to have
waited ten days before operating, for the purpose of seeing
whether the foot could not be saved, and that a physician and
surgeon will not be held liable for mere errors in judgment.
But his judgment must be founded upon his intelligence. He
engages to bring to the treatment of his patient care, skill and
knowledge, and he should have known the probable conse-
quences that would follow from the crushing of the bones and
tissues of the foot.

In submitting the case to the jury, the defendant asked the
court to charge that " if the plaintiff did not obey the defend-
ant's instructions and this contributed to an aggravation of the
injury, the plaintiff cannot recover." The court declined to
charge in the form in which the request was put, and an
exception was taken by the defendant.

It appears from the testimony of the defendant that after
the second amputation he dressed the stump and put the plain-
tiff in position by elevating the limb so as to prevent hemorrhage
and too much pressure upon the arteries; that the plaintiff did
not keep in the position in which he was placed and got his
leg to bleeding, and that he presumed that this bleeding inter-
fered with the healing of the limb. It also appears that some-
time after the second amputation the plaintiff refused and
neglected to take the medicine that was left for him by the
defendant, and that subsequently, after the defendant had
ordered him to be removed to another room so as to avoid
liability of contracting erysipelas from a patient that had been
brought to the alms-house afflicted with that disease, he left
and went away.

Whilst the removing of the limb from the position in which
it was placed may have produced the bleeding and thus to
some extent impeded the healing, and his going away at the
time that he did may also have further aggravated the diffi-
culty, these facts would only tend to mitigate the damages
and would not relieve the defendant from the consequence of
previous neglect or unskillful treatment. As to the prescrip-

tion we are not told what it was or what it was for, and the jury was, therefore, unable to determine whether or not the condition of the patient would have been materially changed by its use.

The request to charge, as we have seen, was to the effect that if the plaintiff did not obey the instructions, and this contributed in aggravation of the injury, the plaintiff cannot recover. This was too broad if the jury found that the defendant was guilty of malpractice prior to the disobedience complained of.

In the case of *Carpenter* v. *Blake* (75 N. Y. 12), the court was requested to charge that if the plaintiff was guilty of any negligence in the management of the arm through or without the fault of the attending surgeon after the defendant ceased to have charge of the case, and such negligence contributed in any material degree to produce the present bad condition of the arm, the defendant was not responsible. This request was refused, and it was held properly for the reason that the request was too broad; that if there had been subsequent negligence, the cause of action for defendant's negligence would simply go in mitigation of damages.

In the case of *McCandless* v. *McWha* (22 Pa. St. 261–272), Lewis, J., in delivering the opinion of the court, says : " A patient is bound to submit to such treatment as his surgeon prescribes, provided the treatment be such as a surgeon of ordinary skill would adopt or sanction ; but if it be painful, injurious and unskillful, he is not bound to peril his health and perhaps his life by submission to it. It follows that before the surgeon can shift the responsibility from himself to the patient on the ground that the latter did not submit to the course recommended, it must be shown that the prescriptions were proper and adapted to the end in view. It is incumbent on the surgeon to satisfy the jury on this point, and in doing so he has the right to call to his aid the science and experience of his professional brethren. It will not do to cover his own want of skill by raising a mist out of the refractory disposition of the patient."

The defendant moved to dismiss the complaint upon the ground that it failed to show a contract relation between the parties whereby the defendant was employed to attend the plaintiff, and that no facts were alleged showing it to be the duty of the defendant ·to treat him in a skillful manner. This motion being denied, the defendant asked the court to charge that as the defendant treated the plaintiff gratuitously, he is liable, if at all, only for gross negligence; which was refused.

It has been held that the fact that a physician or surgeon renders services gratuitously does not affect his duty to exercise reasonable and ordinary care, skill and diligence. (*McCandless* v. *McWha*, 22 Pa. St. 261–269; *McNevins* v. *Lowe*, 40 Ill. 209; *Gladwell* v. *Steggall*, 5 Bing. [N. C.] 733.)

But we do not deem it necessary to consider or determine this question for it appears that the plaintiff's services were not gratuitously rendered. He was employed by the city as one of the physicians to attend and treat the patients that should be sent to the alms-house. The fact that he was paid by the city instead of the plaintiff did not relieve him from the duty to exercise ordinary care and skill.

Exceptions were taken to the admission and rejection of evidence. We have examined them and find none that require a new trial.

The judgment should be affirmed, with costs.

All concur, except PARKER, J., not sitting.

Judgment affirmed.