mously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL SWENSON, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of endangering the health and morals of a child, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

ANNA QUINTAVALLE, as Administratrix, etc., of TESSIE QUINTAVALLE, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— In an action to recover damages for the death of plaintiff's intestate, who, while attempting to board a train on defendant's elevated platform, fell between the train and the platform and received injuries from which she died, order setting aside the verdict in plaintiff's favor on the ground that it was not supported by the physical facts and that it was contrary to the weight of the credible proof unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

JOHN SCHAGGER, Appellant, v. JOSEPH L. PFEIFFER, Respondent.— Judgment reversed on the law and the facts and new trial granted, costs to abide the event. In our opinion, the charge of the court that any negligence on the part of the plaintiff, no matter how slight, which contributed to the plaintiff's condition would prevent his recovery, was improper and prejudicial to the plaintiff. The court had already ruled that, inasmuch as the plaintiff claimed negligence on the part of the defendant only for applying the cast and subsequent treatment, any conduct on the part of the plaintiff before the cast was put on could not be considered as a defense or excuse by the defendant for any negligence or improper treatment after the operation or application of the cast. The subsequent charge as to contributory negligence must have referred to contributory negligence on the part of the plaintiff after the cast was applied. Such negligence, if any, would not have defeated plaintiff as a matter of law. It could only be considered in mitigation of his damages. While no exceptions were taken to the charge, we think a new trial is required in the interests of justice. (DuBois v. Decker, 130 N. Y, 325; Sieber v. Alphonsus, 176 App. Div. 932.) The appeal from the order is dismissed. Lazansky, P. J., Young and Scudder, JJ., concur; Carswell and Johnston, JJ., dissent and vote to affirm.

JOHN D. SEMBLER, Respondent, v. HARVEY GIBSON, Appellant.— Action to recover damages for personal injuries sustained by plaintiff as the result of the explosion of a compression tank on defendant's premises, where plaintiff was working for a third party. Judgment in plaintiff's favor. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

LUCY STRAUSS, Respondent, v. ABRAHAM LEVITT & SONS, INC., Appellant. — Order of the County Court of Nassau county denying defendant's motion to dismiss the second cause of action alleged in the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs, with leave to plaintiff to serve a further amended complaint within ten days from the entry of the order herein, if so advised. In the event that plaintiff fail to plead anew, the defendant shall have twenty days from the entry of the

order herein in which to answer. The representations or warranties made prior to the execution of the written contract involving the purchase of real property by the plaintiff and its sale by the defendant are to be deemed merged therein and may not be proved by parol testimony. (*Eighmie* v. *Taylor*, 98 N. Y. 288.) The oral representations made subsequently to the written contract are without consideration in the absence of appropriate allegations to the effect that a new and superseding contract had been entered into. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.