LEE MORSE, Appellant, *v.* CLARA RAPKIN, Respondent.

First Department, October 7, 1965.

*Benjamin H. Siff* of counsel (*Teperman & Ecker, attorneys*), for appellant.

*John M. Cunneen* of counsel (*Brady, Devlin, Grubbs, Lawler & Reid,* attorneys), for respondent.

*Per Curiam.* The action is in malpractice against a dentist. Plaintiff's theory, to which her proof was directed, was that defendant lacked the qualifications for the particular kind of dental procedure which defendant undertook to perform, and departed from accepted practices with consequent injury to plaintiff. The defense, in addition to denials, sought to establish that plaintiff failed to follow instructions as to oral hygiene and that this failure caused or contributed to any condition from which plaintiff might be suffering.

The jury rendered a verdict in favor of the defendant. While we believe that this result is amply warranted by the proof (some of the court being of the opinion that the paucity of evidence of malpractice allowed no other conclusion), nevertheless we are constrained to order a new trial.

The court charged the jury that plaintiff must satisfy them that she was free from contributory negligence in connection with her treatment by Dr. Rapkin, and if not " she has thereby deprived herself of any right to a recovery, and you must find against her." In other words, the court applied to this case the established rule in actions based on negligence and directed that any contributory negligence would bar a recovery. We believe this to be error and it could not but mislead the jury.

There are situations in actions loosely labeled malpractice where the charge of dereliction is undistinguishable from the ordinary charge of negligence. The bulk of such actions are against hospitals, but it is conceivable that one could arise against a doctor. In such a case, applying the rule that contributory negligence defeats the action would be entirely proper (*Hamilton* v. *Presbyterian Hosp. of City of N. Y.*, 24 A D 2d 563). But where the gravamen of the action is the improper professional treatment, the patient's failure to follow instructions does not defeat the action. If the failure increases the extent of the injury, damages would be reduced to that degree (*Du Bois* v. *Decker*, 130 N. Y. 325; *Schagger* v. *Pfeiffer*, 244 App. Div. 739; *Sieber* v. *Alphonsus*, 176 App. Div. 932). The rule is well grounded and its reasons can well be demonstrated by the instant case. The claim is that, due to professional ignorance, defendant undertook procedures that were not suitable to plaintiff's condition, and thereby caused her injury. If it were not established that the condition of plaintiff's mouth was so caused, no cause of action was proved. But if these facts are proved, the additional fact that a portion of the injury could be rightfully attributed to plaintiff's failure to brush her teeth according to directions does not lessen the effect of the original wrong. To the extent that it increases the damage, there should be no recovery.

The judgment should be reversed on the law and a new trial ordered, with costs to appellant to abide the event.

RABIN, J. P., VALENTE, STEVENS, STEUER and WITMER, JJ., concur.

Judgment unanimously reversed, upon the law, and a new trial ordered, with $50 costs to the appellant to abide the event.