■ MICHAEL QUINONES, Plaintiff, v PUBLIC ADMINISTRATOR OF THE COUNTY OF KINGS, as Temporary Administrator of the Estates of ANNA LANDAU and Another, Deceased, Defendant. (Action No. 1.) MICHAEL QUINONES, Appellant, v CITY OF NEW YORK, Respondent. (Action No. 2.)—In consolidated negligence (Action No. 1) and medical malpractice (Action No. 2) actions, plaintiff appeals (1) from a judgment of the Supreme Court, Kings County, entered February 4, 1974, in favor of defendant in Action No. 2, upon a jury verdict, and (2) from an order of the same court, dated June 14, 1973, which denied his motion to set aside the said verdict. Judgment reversed, on the law, and new trial granted. The questions of fact have not been considered or reached. Appeal from order dismissed as academic. One bill of costs is awarded appellant to abide the event and to cover both appeals. In Action No. 2 plaintiff seeks to recover damages for the alleged negligence of defendant's physicians in their treatment of his fractured ankle. The jury rendered a verdict in favor of defendant. The trial court charged the jury with respect to the contentions of the parties as follows: "And the plaintiff contends further that in April of 1964 the cast was removed while there was a non-union of the fracture and that he was advised to put weight on his leg. That as a result of this advice and the removal of the cast, that he was caused to sustain an aggrevation [sic] or an exacerbation of the original injury which resulted in the necessity of undergoing two operative procedures resulting in the fusion of his left ankle * * * the plaintiff contends that this was negligence on the part of the hospital through its employees and that it was not good medical practice. The defendant contends that there was no negligence on the part of their employees; that what they did was good medical practice. And that if any subsequent result occurred, it was the failure of the plaintiff to come back or there was a broken appointment in June of that year." The trial court then charged, with respect to defendant's negligence: "If you find * * * that the hospital's action or omissions, through its employees or doctors, in failing to immobilize the plaintiff's leg and to giving him the advice of putting weight on the said leg, was contrary to the standards of care customarily used by hospitals in the city under the same circumstances, your finding will be that the hospital was negligent." The trial court charged, with respect to contributory negligence: "If you find that plaintiff did exercise reasonable care under the circumstances as you find them to have been at the time and place of the occurrence, then * * * provided you find that the defendant was guilty of any negligence, your verdict will be for the plaintiff. The law does not permit you to weigh this degree of negligence. But, if you find that the plaintiff was negligent, then your verdict will

be for the defendant even though you find the defendant was also negligent." Under this charge, the jury could have found defendant's physicians negligent in their treatment of plaintiff in April, 1964, but nevertheless have rendered a verdict in defendant's favor because it found plaintiff negligent in not returning to the hospital in late June, 1964. A patient's failure to follow instructions does not defeat an action for malpractice where the alleged improper professional treatment occurred prior to the patient's own negligence. Under such circumstances, damages are reduced to the degree that the plaintiff's negligence increased the extent of the injury *(Morse v Rapkin,* 24 AD2d 24, 25; 45 NY Jur, Physicians & Surgeons, § 171). The error is so prejudicial that reversal would be required in the interests of justice even if plaintiff had not timely excepted *(Schagger v Pfeiffer,* 244 App Div 739). While the conduct of defense counsel, both on cross-examination and toward the Trial Judge, merits stern reproof, in and of itself it would not warrant a reversal. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.