■ ANNE HELLER et al., Appellants, v MYER M. MEDINE, Respondent.— In a medical malpractice action, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered November 21, 1974, in favor of defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered or reached. On November 17, 1967, plaintiff Anne Heller was discharged from a hospital after uneventful surgery for a cataract on the right eye. She continued under the postoperative care and treatment of defendant, her surgeon. During the course of eight postoperative visits— from November 21 to December 20, 1967—she complained of an itching sensation in the eye. It was ultimately diagnosed as a viral condition (herpes keratitis), which failed to respond to the medication accorded her. Her claim, *inter alia,* is that the medications used were contraindicated. She next appeared at defendant's office on January 12, 1968, having failed, according to defendant, to follow his instructions and keep appointments on January 5 and January 8, 1968. She denied this assertion. The trial court charged the jury with respect to contributory negligence as follows: "Now, before the plaintiff may recover, she must show by a fair preponderance of the credible evidence, as I have defined that term to you, one, that Dr. Medine was negligent; two, that such negligence was the proximate cause of the injuries to her; and, three, that she was not contributorily negligent by reason of either failure to follow the doctor's instructions or to keep appointments." The trial court further charged: "If you have found that the plaintiff was not guilty of contributory negligence, and if you find that, one, there was a negligent failure to examine and test, contrary to accepted medical standards, two, that the Herpes keratitis existed on or prior to January 12th, 1968, three, that the failure to examine and test resulted in a failure to treat the infection promptly and properly resulting in plaintiff's injury, or if you find that there was a negligent administration of cortico steroids resulting in plaintiff's injury, you will find for the plaintiff." Under this charge the jury could have found defendant negligent in his postopera-

tive treatment of Mrs. Heller but, nonetheless, have rendered a verdict in his favor because it also found her contributorily negligent in failing to follow instructions and keep the January, 1968 appointments. A patient's failure to follow instructions does not defeat an action for malpractice where the alleged improper professional treatment occurred prior to the patient's own negligence. Under such circumstances, damages are reduced to the degree that the plaintiff's negligence increased the extent of the injury *(Morse v Rapkin,* 24 AD2d 24, 25; 45 NY Jur, Physicians and Surgeons, § 171). The error is so prejudicial that reversal would be required in the interest of justice even if plaintiff had not timely excepted *(Schagger v Pfeiffer,* 244 App Div 739; see, also, *Quinones v Public Administrator of County of Kings,* 49 AD2d 889). Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.