■ ANTONIA DUNN, Respondent, v CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., et al., Defendants, and MAURICE GERSHMAN, Appellant.—In an action to recover damages predicated upon medical malpractice and breach of a duty to disclose, defendant Maurice Gershman appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered March 26, 1976, upon a jury verdict, as is in favor of plaintiff and against him. Judgment reversed insofar as appealed from, on the law, with costs, and, as between plaintiff and defendant Maurice Gershman, action severed and new trial granted limited to the issue of damages only. The findings of fact as to liability are affirmed. A patient's failure to follow instructions does not defeat an action for malpractice where the alleged improper professional treatment occurred prior to the patient's own negligence. In the case at bar the trial court declined to charge the jury, as requested by appellant, that it should consider, in mitigation of damages, whether negligence on the part of the plaintiff subsequent to the alleged malpractice contributed to her injuries. That error is so prejudicial that reversal would be required in the interests of justice even if appellant had not timely excepted (see *Heller v Medine,* 50 AD2d 831; *Quinones v Public Administrator of County of Kings,* 49 AD2d 889). While a patient is justified in disregarding instructions which are improper (see *DuBois v Decker,* 130 NY 325, 331; 45 NY Jur, Physicians and Surgeons, § 171), the patient has the duty to exercise reasonable care. On this record, the appellant physician was entitled to have the jury consider, in mitigation of damages, whether there was any negligence on the part of plaintiff or her doctors subsequent to the alleged malpractice (see *Carpenter v Blake,* 75 NY 12, 24). Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.

■ PATRICIA EDGAR, Appellant, v HUGO KAJET, Defendant, ELIZABETH WERNER et al., Appellants, and AVIS, INC., Respondent.—In a negligence action to recover damages for personal injuries, plaintiff and defendants Howard and Ethel Harris and Elizabeth Werner appeal from an order of the Supreme Court, Nassau County, dated November 18, 1975, which granted defendant Avis, Inc.'s, motion to dismiss the complaint and all cross claims as against it, for failure to state a cause of action. Order affirmed, with one bill of $50 costs and disbursements jointly against appellants appearing separately and filing separate briefs. Under the circumstances in this case, wherein an employee became intoxicated at a company party, we cannot say that the provisions of section 11-101 of the General Obligations Law and section 65 of the Alcoholic Beverage Control Law can be extended to charge the employer with liability for injuries caused by the employee's negligent driving. Pursuant to the stipulation of the parties, the decision herein applies to the case of *Marsden v Kajet* (Supreme Ct, Nassau County, Index No. 4306/73). Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur. [84 Misc 2d 100.]