■ MARGARET H. YARDENY et al., Appellants, v ROBERT FONDACARO et al., Respondents.—In a consolidated negligence action to recover damages for personal injuries, etc., predicated upon the negligence of defendant-respondent Fondacaro in the operation of an automobile and the medical malpractice of defendant-respondent Bernhang, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered March 4, 1975, which is in favor of the defendants and against them, upon a jury verdict. Judgment modified, on the law, by deleting the second and third decretal paragraphs thereof and substituting therefor provisions severing the action as against defendant Bernhang and granting a new trial as between plaintiffs-appellants and the said defendant. As so modified, judgment affirmed, without costs or disbursements. In this consolidated negligence action plaintiff Margaret Yardeny seeks damages for personal injuries sustained as the result of an automobile accident and the consequent medical treatment. Her husband sues derivatively. Plaintiffs contend that the automobile collision at the uncontrolled intersection was due solely to the negligence of defendant Fondacaro. They contend, therefore, that he is responsible for the damages resulting from the fractured left femur which Mrs. Yardeny sustained in the accident, and all of the problems that have arisen in respect to that injury, to wit, osteomyelitis requiring extensive hospitalization and care since the initial hospitalization; a foreshortened left leg for which she must wear a special shoe; and an ominous prognosis by her medical experts of the necessity for amputating the limb in the likely eventuality that the osteomyelitis is not cured. Plaintiffs contend that defendant Bernhang, the doctor who treated Mrs. Yardeny for the fractured femur, failed to exercise reasonable care and to use his best judgment both during the operation, in which an intramedullary rod was inserted into the medullary canal of the femur, and following the operation. After the month-long trial on the two different aspects of negligence, the trial court's instructions to the jury were quite brief. The brevity so telescoped the instructions that the jury may well have thought that contributory negligence on the part of Mrs. Yardeny could be considered on the question of liability in the medical malpractice aspect of the action, as well as in the automobile accident aspect thereof. It was, therefore, improper to refuse plaintiffs' request to charge that contributory negligence was not a bar to recovery on the malpractice claim. Although the words "contributorily negligent" and "contributory negligence" were not used in referring to the malpractice aspect of the action, they were, unfortunately, closely juxtaposed in two instances, viz., when the malpractice theory was first outlined and when the definitions were given. In addition, later in the charge when the court was referring to the law applicable to each theory of liability, it failed to mention contributory negligence. It is unlikely that the jury had clearly in mind that contributory negligence was to be considered only as to the automobile accident. To obviate the problem, a specific instruction on the *inapplicability* of the

doctrine of contributory negligence to the malpractice claim, as requested by plaintiffs, was here required (cf. *Heller v Medine*, 50 AD2d 831; *Quinones v Public Administrator of County of Kings*, 49 AD2d 889; *Morse v Rapkin*, 24 AD2d 24). As to the automobile accident, contrary to plaintiffs' contention that, in effect, only one inference could be drawn from the proof, to wit, that defendant Fondacaro was negligent, especially since Mrs. Yardeny was the driver on the right, a jury could conclude from the evidence that Mrs. Yardeny had been contributorily negligent. In the light of our determination, we do not pass upon the weight of the evidence with respect to the medical malpractice cause of action. We find no merit to plaintiffs' other contentions. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.