■ ROBERT FOURQUET, an Infant, by His Parent, ALBERT FOURQUET, et al., Respondents, v CALEDONIAN HOSPITAL et al., Defendants, and STANLEY SOREN, Appellant. — In a medical malpractice action, defendant Stanley Soren appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Schulman, J.), entered May 8, 1980, as is in favor of plaintiffs and against him, upon a jury verdict. Judgment affirmed insofar as appealed from, with costs. On August 1, 1976, 13-year-old Robert Fourquet fell from a tree and sustained numerous fractures of his right arm. He was taken to the emergency room of Caledonian Hospital, where he was attended by Dr. Mohammed and X rays revealed a complete transverse fracture to the distal right radius, with posterior and lateral displacement of the distal fragments with overriding and a "greenstick" fracture through the distal end of the shaft of the right ulna. No fracture or dislocation of the infant plaintiff's right elbow was discerned at that point, however. Upon examining the infant and reviewing the X rays, Dr. Soren (appellant) agreed with the findings as set forth in the hospital radiology report and proceeded to treat the infant plaintiff accordingly. The plaintiffs contend, and offered expert testimony in support thereof, that on August 1, 1976 Robert sustained a fracture of his right elbow, which was neither diagnosed nor treated by Dr. Soren. As a result of the alleged failure to treat the claimed fracture until after September 23, 1976, the plaintiffs contend that Robert's right elbow became dislocated and surrounded by calcium deposits, in consequence of which he is unable to straighten the elbow beyond a 90 degree flexed position. It is further contended that had Dr. Soren properly disagnosed and treated the alleged fracture on August 1, 1976, the infant plaintiff would have regained the full use of his arm. The jury returned a verdict in favor of plaintiffs and against Dr. Soren, and judgment was duly entered thereon. We do not deem it reversible error for the trial court to have declined to charge, as appellant requested, that the jury might consider comparative negligence on the part of the infant plaintiff in arriving at its verdict. On this record, the appellant was not entitled to have the jury consider in mitigation of damages, whether there was any negligence on the part of the infant plaintiff subsequent to the onset of the alleged malpractice (cf. *Dunn v Catholic Med. Center of Brooklyn & Queens,* 55 AD2d 597). Thus, there was no medical testimony to the effect that the lack of therapy or the sporadic nature of the therapy undertaken by the infant plaintiff aggravated his condition. Moreover, while the question of Robert's possible negligence in sustaining a subsequent injury would have had a bearing on the mitigation of damages assessable against the appellant, the record does not support the finding of any such negligence. Although there was some testimony from a hospital employee concerning the infant's fall from a skateboard subsequent to the initial accident, in which an injury to the right elbow was reported, the hospital records reveal that it was actually the infant plaintiff's brother, William Fourquet, who was admitted to the emergency room on May 30, 1977 with a history of having fallen from a skateboard. Absent additional proof, we find the trial court's refusal to charge the jury with respect to Robert's comparative negligence to have been entirely proper. We have considered the appellant's remaining contentions, and while we do not sanction all of the rulings and dispositions of the trial court (e.g., the "missing witness" charge), we do not find the errors to have been prejudicial under the facts of the instant case so as to warrant a new trial (see *La Lima v Fath,* 36 AD2d 923, 924, mot for lv to app den 29 NY2d 482). Damiani, J.P., Mangano, Rabin and Gulotta, JJ., concur.