■ DIANNE CHODOS et al., Respondents, v ROBERT S. FLANZER, Appellant. — In an action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County (Held, J.), entered July 24, 1981, which granted plaintiffs' motion pursuant to CPLR 3211 (subd [b]), to dismiss his affirmative defense of the Statute of Limitations and pursuant to CPLR 3212, for summary judgment dismissing his affirmative defenses of assumption of risk and contributory negligence. Order modified by deleting from the fourth paragraph thereof the words "in all respects" and substituting therefor the words, "to the following extent and is otherwise denied" and by deleting from the second decretal paragraph thereof all words following the

word "STRICKEN" and substituting therefor the words: "only insofar as it alleges assumption of risk." As so modified, order affirmed, with $50 costs and disbursements to the defendant. We agree that the record at bar demonstrates continuous treatment as a matter of law. In his affidavit of merit, defendant, himself, conceded that he began his treatment of a periodontal condition of plaintiff Dianne Chodos (hereinafter plaintiff) in September, 1973, and that it continued at least through March 20, 1976, when plaintiff moved to New Jersey. Subsequent visits were sporadic and apparently involved only amalgam restorations. In addition, defendant's testimony at his examination before trial demonstrates that, at worst, the last phase of his periodontal treatment, "root planing and curettage", ended in December, 1975. In light of the above, it avails defendant nothing to generally argue that the issue of continuous treatment is typically a question of fact which requires a trial. The instant suit was commenced, by service of a summons and complaint, on September 23, 1978. The applicable Statute of Limitations is the three-year period specified in CPLR 214 and not the two-year six-month period specified in CPLR 214-a. The latter is inapplicable because it is limited solely to an "action for medical malpractice" and the instant suit is one for dental malpractice (see *Schwartz v Unger,* 108 Misc 2d 456; cf. *Greene v Greene,* 56 NY2d 86, 94). CPLR 214 (subd 6), on the other hand, embraces, "an action to recover damages for malpractice, other than medical malpractice". Moreover, CPLR 214-a applies only to an act or omission occurring on or after July 1, 1975 (L 1975, ch 109, §§ 6, 37). The negligent acts at bar are alleged to have occurred or to have begun prior to that date (see *McDermott v Torre,* 56 NY2d 399; *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379). Therefore, whether the continuous treatment toll terminated on or after March 20, 1976, or in December, 1975, this suit was timely commenced on September 23, 1978, within the three-year Statute of Limitations and defendant's affirmative defense of the Statute of Limitations was properly dismissed. We also agree that so much of defendant's first affirmative defense as alleges assumption of risk was properly dismissed. There is absolutely no evidence in this case that plaintiff voluntarily assumed any known risk. However, insofar as said first affirmative defense also alleges contributory negligence, we believe a question of fact is arguably presented, requiring a trial. There is no basis in this record to support the conclusion that plaintiff "abandoned treatment". Any negligence on her part in the practice of her oral hygiene prior to the commencement of treatment is totally irrelevant, since defendant is liable only for injuries caused by his own malpractice. However, any negligence on plaintiff's part occurring subsequent to improper professional treatment could operate to reduce the damages attributable to that treatment to the extent such contributory negligence increased the extent of the plaintiff's injury, although it would not bar all recovery (*Heller v Medine,* 50 AD2d 831, 832). A trial should be had on the issue of whether plaintiff's alleged failure to follow the home care regimen prescribed by defendant contributed to or aggravated her ultimate injuries. Accordingly, Special Term erred in dismissing so much of defendant's first affirmative defense as alleges that plaintiff was guilty of contributory negligence. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.