OPINION OF THE COURT
Gerard M. Weisberg, J.
Is it proper to charge the defense of plaintiff’s culpable conduct (CPLR 1411) to a cause of action for medical malpractice based on lack of informed consent (Public Health Law, § 2805-d)? This question arises in the context of a motion to set aside a portion of a jury verdict.
The plaintiff Collette R. Bellier brought an action against Dr. Carlos Bazan, a plastic surgeon, following a breast reduction procedure that the doctor performed on her. Inter alia, severe and unnecessary scarring and discomfort were alleged.
The case was submitted on two alternative theories of liability. The jury was instructed that a verdict should be rendered for the plaintiff if it was determined that the defendant’s treatment of her departed from the proper standard of good medical practice. With respect to this medical malpractice cause of action, the jury was also charged that if it found for Ms. Bellier, any award made to her should be reduced by an amount proportionate to the percentage attributable to her own negligence. (See PJI 2d 2:36 [Supp].)
*1056 The case was also submitted to the jury on the theory that Dr. Bazan did not properly advise Ms. Bellier concerning the risks inherent in the procedure he performed. The court instructed that a verdict for the defendant could be rendered even if plaintiff had not been adequately informed of the risks of the procedure if it was also found that Ms. Bellier had assured him that she would undergo the operation regardless of the dangers involved. (See Public Health Law, § 2805-d, subd 4, par [b].) No other defenses to this cause of action were charged. (Cf. Public Health Law, § 2805-d, subd 4, pars [a], [c], [d].) Additionally, and significantly from the standpoint of this motion, the jury was not instructed to reduce any recovery resulting from the defendant’s failure to properly inform Ms. Bellier by plaintiff’s comparative fault. The question of plaintiff’s own negligence was, therefore, charged as bearing only on the first cause of action which was based on defendant’s malpractice.
A verdict sheet was submitted to the jury. On it, the members were asked to find for either the plaintiff or the defendant on the issues of medical malpractice and lack of an informed consent and on the question of the charged defense to this latter cause of action. They found in favor of the plaintiff on each of these three questions and awarded her the sum of $356,000. They were then asked to indicate whether the plaintiff was “negligent and was her negligence a proximate cause of her injuries.” They concluded that she was and found that her recoverable damages should be reduced by 15%, representing the proportion attributable to her negligence.
Defendant then moved to set aside the finding of liability based on medical malpractice on the ground that it was not supported by the evidence in the record. This application was granted.
Plaintiff has also moved to set aside the jury’s reduction of her damages for the remaining cause of action. Two grounds are propounded. First, it is contended that comparative fault cannot be used as a defense in an action sounding in lack of an informed consent. Second, it is argued that even assuming that the doctrine can be applied, no evidence in the instant case supports it.
*1057 Specifically, with respect to her first point, plaintiff claims that since the elements of an action for lack of informed consent have been circumscribed and limited by the Legislature, the only defenses available are those that have been particularized in the statute itself. Section 2805-d of the Public Health Law, the codification in question, does not provide for a reduction in damages based on a patient’s relative fault. It does, however, bar recovery upon a failure to establish that a reasonably prudent, fully informed, patient would not have undergone the treatment from which the action arose. This, plaintiff implies, is the only situation where a patient’s conduct can adversely affect the cause of action.
We disagree and note that this element of section 2805-d is analogous to the complete bar that the rule of contributory negligence posed to a plaintiff in a personal injury action prior to the advent of comparative fault. However, even under that former rule, a plaintiff’s culpability did not prevent recovery in a medical malpractice action where the defendant’s alleged improper treatment occurred prior to the patient’s own fault. (See Heller v Medine, 50 AD2d 831; Morse v Rapkin, 24 AD2d 24.) Rather such conduct, which frequently took the form of a failure to follow the treating physician’s instructions, served merely to mitigate and reduce recoverable damages. (See Dunn v Catholic Med. Center, 55 AD2d 597; Quinones v Public Administrator of County of Kings, 49 AD2d 889.) This continues to be the law. (Chodos v Flanzer, 90 AD2d 838.)
Although lack of informed consent is a distinct cause of action which should be separately pleaded in the complaint (Pagan v State of New York, 124 Misc 2d 366; see 1 NY PJI 2d 176 [Supp]), it remains a form of medical malpractice where liability is determined by the standard of a “reasonable medical practitioner”. (Public Health Law, § 2805-d, subd 1; see Dries v Gregor, 72 AD2d 231.) The doctrine of mitigation of damages, available as a defense to other forms of medical malpractice, should, therefore, properly apply to a cause of action for lack of informed consent.
Additionally, under current law, the “culpable conduct” of the plaintiff “shall” diminish “damages otherwise recoverable.” (CPLR 1411.) Plaintiff argues that comparative *1058 negligence is inapplicable to informed consent because that cause of action “is not capable of compromise by plaintiff’s conduct.” Again we disagree. Culpable conduct of a plaintiff, which can “compromise” his or her action, can take place at the time of the incident complained of, when it will bear upon the question of relative fault, or subsequent thereto, when it will mitigate damages. We note that distinction between these two concepts many times is blurred and is resolvable only in terms of when, from the standpoint of the defendant’s fault, plaintiff’s wrongful conduct occurred. For example, failure to use a seat belt has been deemed to mitigate damages when such action did not contribute to the accident in question. (Spier v Barker, 35 NY2d 444.) Or it has been held to bear upon liability when it was a partial cause of the accident itself. (Curry v Moser, 89 AD2d 1; see Developments in New York Law, Plaintiff’s Failure to Use Available Seatbelt May be Considered as Evidence of Contributory Negligence When Nonuse Allegedly Causes the Accident, 57 St. John’s L Rev 430, 434.)
At any rate, the statute speaks in terms of culpable conduct which “caused the damages.” (CPLR 1411.) Thus, under the doctrine of comparative fault, culpable conduct in mitigation of damages may be charged in an action for lack of informed consent.
However, was it error not to so charge the jury in this case? Defendant claims that postoperative conduct on the part of Ms. Bellier exacerbated the extent of her scarring. He had the burden of offering proof from which the jury could find that plaintiff’s actions were a proximate contributing cause of that injury. No such evidence was presented at trial. Therefore, defendant was not entitled to a charge of mitigation of damages with respect to the cause of action for lack of informed consent and a new trial with respect to this issue is not required. (Fourquet v Caledonian Hosp., 82 AD2d 822.)
We note that defendant was given the opportunity to bring to the attention of the court portions of the trial transcript in support of his contention. We have examined those excerpts submitted to us and find that they merely buttress our conclusion that, as a matter of law, the jury *1059 could not have found that plaintiff was contributorily negligent.
Upon the foregoing, plaintiff’s motion to set aside the jury’s 15% reduction in damages is granted. Judgment should be entered for $356,000, the full amount determined by the jury to be reasonable compensation for plaintiff’s injury.