SHARYN HENRY et al., Respondents, v JESSIE VANN, JR., Defendant, and MONROE TUBE COMPANY, INC., Appellant.

The third cause of action asserted in the plaintiffs' complaint alleges that Monroe breached its duty to protect innocent third parties from injury due to the intoxication of one of its employees in that, after directing its employee, the defendant Vann, to leave his job because he was too intoxicated to

function safely and properly, Monroe allowed that employee to operate his automobile while in such an impaired state. We decline to extend the duty of an employer to such extensive and unreasonable parameters. In not allowing Vann to remain on the job and instead directing him to leave its premises, Monroe, through its agent, violated no legally cognizable duty owing to the decedents.

The common-law duty to supervise the conduct of patrons or guests in consuming alcoholic beverages does not extend beyond the area where supervision and control may reasonably be exercised *(Wright v Sunset Recreation,* 91 AD2d 701; *Paul v Hogan,* 56 AD2d 723). In the instant case, Monroe was not the dispenser of liquor to its employee. The complaint merely alleges that Vann returned from his meal break in an inebriated state. To hold Monroe to a higher duty of care than an employer which dispensed the intoxicating liquor would be patently unjust *(see, Edgar v Kajet,* 55 AD2d 597, *lv dismissed* 41 NY2d 802, 902 [where the employer of one who became intoxicated at a company party was not charged with liability for injuries caused by that employee's negligent driving]). Moreover, the complaint expressly states that the accident occurred not on the employer's premises but, rather, on a public highway. Under the circumstances, the plaintiffs have failed to allege in the third cause of action the existence of any facts which could support a finding directly imposing liability against the defendant Monroe based on a theory of common-law negligence.

The plaintiffs' argument that the accident was a foreseeable and direct result of the fact that Vann was permitted to operate a motor vehicle while in an intoxicated condition does not compel a result to the contrary. The concepts of foreseeability and duty are not to be equated. As recently set forth by the majority in *Waters v New York City Hous. Auth.* (116 AD2d 384, 387-388): "Foreseeability comes into play only after it has been determined that a duty of care exists *(see, Pulka v Edelman,* 40 NY2d 781, 785, *rearg denied* 41 NY2d 901). The mere fact that a consequence might foreseeably result from an action or condition does not serve to establish a duty running from a defendant to a plaintiff. In the absence of a duty, as a matter of law, there can be no liability *(see, Johnson v Jamaica Hosp.,* 62 NY2d 523, 528). Inasmuch as the plaintiffs have failed to demonstrate the existence of a special relationship giving rise to a duty of care owed by the defendant, the complaint is without legal basis *(see, Solomon v City of New York,* 66 NY2d 1026)."

Accordingly, the order appealed from is reversed and Monroe's motion to dismiss the third cause of action is granted. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.