■ PAUL A. DOMBROWSKI, Respondent, v MICHAEL C. MOORE, M.D., Appellant. [752 NYS2d 183] —Defendant appeals from a judgment of Supreme Court, Erie County (Dillon, J.), entered September 15, 2000, upon a jury verdict awarding plaintiff $500,000 for past pain and suffering and $600,000 for future pain and suffering.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the award of damages and as modified the judgment is affirmed without costs and a new trial is granted on damages for past and future pain and suffering only unless plaintiff stipulates to reduce the verdict to $200,000 for past pain and suffering and $400,000 for future pain and suffering, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries that he sustained as a result of an esophageal tear that occurred during a procedure performed by defendant in which plaintiff's esophagus was dilated. In 1993 plaintiff was experiencing difficulty in swallowing and was referred to defendant for treatment. Defendant performed a routine dilation of plaintiff's esophagus and, by gradually increasing the size of the dilator, stretched plaintiff's esophagus to a size of 52 Fr Maloney bougie tube (Fr). After that procedure, defendant informed plaintiff that a second procedure one year later would be needed. When plaintiff received notification one year later that the second procedure should be scheduled, he informed defendant and employees at the

hospital where the first procedure had been performed that he was asymptomatic. The second procedure was nevertheless performed, despite the fact that plaintiff had no strictures or other esophageal problems. During the second procedure, defendant began with a size 42 Fr dilator but immediately increased the size to 52 Fr. When the size 52 Fr dilator was placed in plaintiff's esophagus, plaintiff felt "tugging" and immediate discomfort. Hours after the procedure plaintiff returned to the emergency room at the hospital where the procedure had been performed, and it was discovered that his esophagus had been perforated.

Plaintiff underwent an emergency surgery known as a fundoplication, which involved wrapping a portion of his stomach tissue around his esophagus to block any leakage. One of plaintiff's ribs had to be removed in order to perform the surgery, and plaintiff was in extreme pain for days following the surgery. After the fundoplication plaintiff suffered from "gas bloat syndrome." He could no longer eat a lot of solid food, he was in pain and discomfort after eating, and he suffered from constant burping and flatulence. Plaintiff was no longer able to work as he had before the surgery because he had to rest for long periods of time, and he was unable to participate in activities that he previously had enjoyed, such as fishing. Medication was not successful in alleviating plaintiff's symptoms, and thus in 1997 plaintiff underwent surgery known as a pyloroplasty to reduce the effects of the gas bloat syndrome. That procedure had only a minor effect in alleviating plaintiff's symptoms.

The jury found that defendant was negligent in moving from a size 42 Fr dilator to a size 52 Fr dilator during the second procedure and that such negligence was a proximate cause of plaintiff's injuries. Plaintiff was awarded $500,000 for past pain and suffering (covering 6 years) and $600,000 for future pain and suffering (covering 20 years).

We reject the contention of defendant that certain evidentiary rulings by Supreme Court require a new trial. Defendant's expert was properly precluded from testifying with respect to causation because defendant did not list that subject matter in the expert disclosure and did not provide a supplemental disclosure until six days following the commencement of trial, after plaintiff had rested. The record does not support the contention of defendant that the delay occurred because he was unaware that plaintiff would allege at trial that the esophageal tear necessitated the 1997 pyloroplasty. That allegation is set forth in plaintiff's verified bill of particulars, and thus

defendant's "proffered excuse does not rise to the level of 'good cause shown' so as to avoid preclusion of the subject expert testimony" (*Klatsky v Lewis*, 268 AD2d 410, 411, quoting CPLR 3101 [d] [1] [i]; *see Zarrelli v Littauer Hosp.*, 176 AD2d 1181, 1182). We further conclude that the court properly precluded testimony from a nurse on causation based on the preclusion of the expert's testimony on that subject. Further, the court properly precluded the nurse, who was a lay witness, from testifying about general practices and statistics as proof of the local standard of care for doctors. Lay witnesses "may only testify concerning 'facts and not to their opinions and conclusions drawn from the facts'" (*Nucci v Proper*, 270 AD2d 816, 817, *affd* 95 NY2d 597, quoting Prince, Richardson on Evidence § 7-101, at 443 [Farrell 11th ed]), and the testimony of the nurse concerning the local standard of care would have constituted improper opinion testimony.

The court properly denied defendant's request to instruct the jury on culpable conduct based on plaintiff's alleged failure to follow medical advice. The alleged culpable conduct occurred after the alleged malpractice and thus cannot defeat plaintiff's action for malpractice but, rather, may only be considered in mitigation of damages (*see Dunn v Catholic Med. Ctr. of Brooklyn & Queens*, 55 AD2d 597; *Heller v Medine*, 50 AD2d 831, 832; *Quinones v Public Adm'r of County of Kings*, 49 AD2d 889, 890). We further conclude, however, that the court also properly denied defendant's request to instruct the jury with respect to mitigation of damages based on plaintiff's alleged failure to follow medical advice. "A person is not under an absolute obligation to follow the advice of a physician in order to minimize damages. His duty in this respect is only to use ordinary care in following the advice" (*Fafard v Ajamian*, 60 AD2d 853, 854; *see also Close v State of New York*, 90 AD2d 599). Here, the evidence established that plaintiff made a good faith effort to avoid carbonated beverages, to maintain a high fiber diet and to take his medication at the prescribed times. Thus, "it would not be equitable or fair to reduce [his] award because [his] effort[s] proved to be ineffective" (*Close*, 90 AD2d at 600). Any alleged errors in the summation of plaintiff's attorney, to the extent that they are preserved, are "not so flagrant or excessive that a new trial is warranted" (*Murray v Robin*, 108 AD2d 903, 903; *see Grabowski v City Ctr. Dev. Co. of Buffalo*, 272 AD2d 868; *cf. Rohring v City of Niagara Falls*, 192 AD2d 228, 230-231, *affd* 84 NY2d 60).

Contrary to defendant's contention, the verdict is not against the weight of the evidence. With respect to the issue whether

defendant deviated from the accepted standard of medical care, plaintiff's expert testified that there was such a deviation while defendant's expert testified that there was not, and we will not disturb the jury's resolution of those credibility issues (*see Royal v Booth Mem. Med. Ctr.*, 270 AD2d 243; *see also Gallmeyer v Sullivan* [appeal No. 1], 245 AD2d 1024). With respect to the issue of causation, plaintiff presented testimony that the esophageal tear necessitated the fundoplication and that the fundoplication resulted in the gas bloat syndrome and its many complications, as well as the pyloroplasty in 1997. A jury verdict should not be set aside as against the weight of the evidence unless it could not have been reached on any fair interpretation of the evidence (*see Riggio v New Creation Fellowship of Buffalo,* 249 AD2d 942; *Nicastro v Park,* 113 AD2d 129, 134). Here, there is a fair interpretation of the evidence that the esophageal tear was "a substantial factor in producing [all of] plaintiff's injuries" (*Valentine v Lopez,* 283 AD2d 739, 741; *cf. Lyons v McCauley,* 252 AD2d 516, 517, *lv denied* 92 NY2d 814; *see generally Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314-315, *rearg denied* 52 NY2d 784).

We conclude that the award of damages of $500,000 for plaintiff's past pain and suffering and $600,000 for future pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Inya v Ide Hyundai, Inc.,* 209 AD2d 1015; *Prunty v YMCA of Lockport,* 206 AD2d 911). Plaintiff suffers from gas bloat syndrome, which has moderately affected his daily life. He is unable to eat the foods he would like to eat, he is primarily relegated to a diet of soup, and he experiences pain and discomfort after eating. Plaintiff has begun isolating himself from other people as a result of the constant burping and flatulence caused by the gas bloat syndrome. In our view, an award of $200,000 for plaintiff's past pain and suffering and $400,000 for plaintiff's future pain and suffering is the maximum amount the jury could have found as a matter of law (*see e.g. Malki v Krieger,* 213 AD2d 331, 334; *Cott v Peppermint Twist Mgt. Co.,* 253 Kan 452, 466, 856 P2d 906, 917 [verdict for similar injuries $1 million over 56 years but reduced because of statutory cap]; *Walters v Hitchcock,* 237 Kan 31, 37-38, 697 P2d 847, 851-852; *see generally Hafner v County of Onondaga* [appeal No. 2], 278 AD2d 799). Plaintiff's injuries were much less severe than those in *Malki* and *Walters,* and thus the award of damages herein should reflect that disparity in the injuries. We therefore modify the judgment by vacating the award of damages, and we grant a new trial on damages for past and future pain and suffering only unless plaintiff stipulates to reduce the verdict to $200,000

for past pain and suffering and $400,000 for future pain and suffering, in which event the judgment is modified accordingly. Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.