■ JOYCE CLOSE et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 62318.) — Appeal from a judgment in favor of claimants, entered February 9, 1981, upon a decision of the Court of Claims (Lowery, Jr., J.). On January 28, 1977, claimant Joyce Close* sustained injuries to her neck, back and knee when the vehicle she was operating on New York State Route 30 in Fulton County was struck from the rear by a State Police car being driven by a State trooper. In its decision, the Court of Claims found that the trooper's negligent conduct was the sole and proximate cause of the accident and that the State was liable to claimant for her injuries resulting from the accident because the mishap occurred while the trooper was on duty and in the course of his employment. As a consequence, claimant was awarded damages in the sum of $50,000, and her husband, claimant Paul Close, was awarded damages totaling $10,000 for loss of consortium. The instant appeal by claimants ensued and is limited to challenging certain aspects of the damages awards. Initially, we find that the court improperly denied claimant any recovery for damages resulting from the impairment of her earning capacity. In its decision, the court conceded that the evidence established that claimant was disabled from doing physical work, including her former jobs as a waitress, cook or grocery clerk. The testimony also established that she completed less than three years of high school and had no other occupational training and that she can remain in a sedentary or sitting position for only a short time before her back pain returns. Furthermore, although claimant attempted to have her doctor testify as to the extent of her disability, the court's unduly restrictive rulings prevented him from giving his expert opinion upon this question. Given all these circumstances, we conclude that claimant adequately demonstrated that she was disabled from both physical and sedentary employment as a result of the accident and that she was entitled to a damages award for this diminution of her earning capacity. Similarly, the court erred when it reduced claimant's award because of her failure to minimize her damages. The court based this ruling upon claimant's failure to lose weight and remain at a reduced weight after her doctor had informed her that this would lessen her pain and make her more ambulatory. Examination of the record reveals, however, that claimant was an overweight person even before the accident and that she did lose some weight after the accident as recommended by her doctor,

* Hereafter, unless it is specified otherwise, all references to claimant refer to claimant Joyce Close.

but was unable to stay on the diet and her weight increased again. Her difficulties were further complicated by her injuries from the accident which compelled her to live a sedentary life and avoid physical activity, and considering all these variables, it cannot be said that she did not make a good-faith effort to lose weight. Such being the case, it would not be equitable or fair to reduce her award because her effort proved to be ineffective. Lastly, the court correctly denied a recovery to claimant Paul Close for the economic value of the household services his wife is no longer able to perform because the proof offered was inadequate to support such an award. Letters offered to establish that others had been paid to perform the subject services were properly rejected as hearsay, and the expert economist's opinion offered to establish the total amount it would cost to hire outside help to perform claimant's household duties was likewise properly disregarded because it was premised upon the erroneous assumption that claimant was totally incapable of performing those duties. Judgment modified, on the law and the facts, by reversing the award of damages, and matter remitted to the Court of Claims for a new trial solely on the issue of damages, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.