Ronald LANG, et al.,
Petitioners, Appellants,

v.

Robert E. GLUSICA, Defendant and
Third Party Plaintiff, Respondent,

v.

Mark JONASSEN, et al., Third Party
Defendants, Respondent.

No. CO–85–1846.

Supreme Court of Minnesota.

Sept. 19, 1986.

---

Edward J. Matonich, Hibbing, for appellants.

James T. Martin, Edina, for Robert Glusica.

Larry C. Martin, Hibbing, for Mark Jonassen.

AMDAHL, Chief Justice.

We granted the petition by plaintiff policeman, Ronald Lang, for review of a 2–1 decision of the Court of Appeals holding that the trial court erred in denying the motion for a directed verdict by defendant Robert Glusica, who injured plaintiff while resisting arrest. The Court of Appeals ruled that the common law "fireman's rule" barred recovery by plaintiff from defendant Glusica. *Lang v. Glusica*, 387 N.W.2d 895 (Minn.App.1986). We reverse the decision of the Court of Appeals and reinstate the judgment of the trial court.

On December 1, 1980, defendant Glusica and his 16–year–old daughter's 19–year–old boyfriend got involved in a fist fight on a street by Glusica's house. The first officer on the scene directed the girl and her boyfriend to go to the police station. The officer was unable to get Glusica to calm down; Glusica pushed him, swore at him and threatened to get a gun. Meanwhile, the daughter had filed a citizen's complaint for assault against Glusica. More police, including plaintiff Lang, who knew Glusica, arrived at the scene to help subdue Glusica and to arrest him. Glusica resisted arrest, causing several of the officers, including plaintiff, to fall to the floor. Plaintiff sustained a serious knee injury.

Glusica subsequently pleaded guilty to simple assault against the boyfriend and to obstructing justice for resisting arrest.

At the civil trial on plaintiff's negligence action against Glusica, the trial court refused to enter a directed verdict against plaintiff. The jury found that Glusica actively and physically resisted arrest, that he was 80% negligent, and that plaintiff sustained damages of $250,000 (and his wife $15,000).

In a 2–1 decision, the Court of Appeals reversed, holding that the trial court erred in refusing to direct a verdict against plaintiff. It ruled that the case was controlled by *Hannah v. Jensen*, 298 N.W.2d 52 (Minn.1980) and distinguished *Kaiser v. Northern States Power Co.*, 353 N.W.2d 899 (Minn.1984). The dissent argued that

*Kaiser* controlled and it distinguished *Hannah.*

The common law "fireman's rule" is a rule that primarily has served to limit a landowner's liability to injured firemen. We first recognized the rule in 1899 and followed it without significantly modifying it until 1951. In 1951, in *Shypulski v. Waldorf Paper Products Co.*, 232 Minn. 394, 45 N.W.2d 549 (1951), we held that a landowner has a duty to warn firefighters of any known hidden dangers. In *Armstrong v. Mailand*, 284 N.W.2d 343 (Minn. 1979), we made it clear that a landowner owed firefighters a duty of reasonable care and that while a fireman assumes all risks reasonably apparent to him, he does not assume the risk of hidden or unanticipated risks. In *Hannah v. Jensen*, 298 N.W.2d 52 (Minn.1980), we ruled that the "fireman's rule" prevented a police officer called to a bar by the bar owner from recovering damages from the bar owner under the Dram Shop Act for injuries caused by an intoxicated person. In the connected case of *Hannah v. Chmielewski, Inc.*, 323 N.W.2d 781 (Minn.1982), we held, however, that Hannah's wife could recover under the Dram Shop Act for damages to her means of support. In *Kaiser v. Northern States Power Co.*, 353 N.W.2d 899 (Minn.1984), we held that if the landowner is negligent after the firefighter arrives at the scene and the negligence materially enhances the risk or creates new risks, the negligent party is not shielded from a liability to the firefighter by the "fireman's rule." [1]

The Court of Appeals concluded that *Hannah v. Jensen* controls. We disagree. The trial court in that case dismissed the plaintiff police officer's claim against the bar, not the claim against the intoxicated person who inflicted the injury. On appeal, we ruled that the "fireman's rule" prevented the plaintiff police officer from recovering damages from the bar owner under the Dram Shop Act for the injuries. Our decision did not deal with the police officer's claim against the intoxicated person.

 We believe that the common law "fireman's rule" should not be extended beyond its landowner/occupier foundation and should not be applied to prevent recovery by a fireman or a policeman against someone who intentionally injures the officer or causes injury by his active negligence after the officer arrives on the scene. Stated differently, we agree with the dissent, which distinguished *Hannah v. Jensen* and relied on *Kaiser v. Northern States Power Co.*

Reversed and judgment of trial court reinstated.

---

1. In 1982 the legislature enacted a statute providing that "the 'fireman's rule' shall not operate to deny any [police officer] a recovery in any action at law or under any statute" (Act of March 22, 1982, ch. 601, § 3, 1982 Minn.Laws 1437, 1439) and in 1983 the legislature also abrogated the rule as to firemen (Act of May 18, 1983, ch. 159, § 2, 1983 Minn.Laws 411). The statute is codified as Minn.Stat. § 604.06 (1984). The statute has no application to this cause of action, which arose in 1980.