Mardell E. SANDERS, Executor of the Estate of Ivan T. Sanders, Deceased, Mardell E. Sanders, Individually, as Mother and Next Friend of Vicky J. Sanders, and Byron Ivan Sanders, Appellants,

v.

Thomas D. GHRIST, Individually, Thomas D. Ghrist, P.C., a Professional Corporation, Appellees.

No. 87–113.

Supreme Court of Iowa.

April 13, 1988.

Richard O. McConville of Scalise, Scism, Sandre & Uhl, and Gregory C. McConville, Des Moines, for appellants.

David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellees.

Considered by LARSON, P.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

SNELL, Justice.

On May 30, 1984, Mardell E. Sanders brought this medical malpractice action individually, as executor of the Ivan T. Sanders estate, and as next friend of Vicky J. Sanders and Byron Ivan Sanders. Mardell is Ivan's widow and Vicky's and Byron's mother. Defendants Thomas D. Ghrist, individually, and Thomas D. Ghrist, a professional corporation, responded with general denials. A jury trial resulted in a defendants' verdict which was followed by plaintiffs' unsuccessful motion for new trial. This appeal ensued and presents us with one issue: did the district court err in refusing to give a requested jury instruction? Our review is limited to the correction of legal errors. Iowa R.App.P. 4.

Dr. Ghrist is a medical doctor specializing in internal medicine diagnostic work. This case arises from allegations that Ghrist failed to properly diagnose and treat a malignant tumor which resulted in Ivan T. Sanders' death. Among the theories under which plaintiffs sought damages was included Sanders' lost chance to survive the disease. We first recognized this theory of recovery in *DeBurkarte v. Louvar*, 393 N.W.2d 131, 135–38 (Iowa 1986). In *DeBurkarte*, we allowed recovery for the lost chance of survival, "but *only* for the lost chance of survival." 393 N.W.2d at 137. In so delimiting a plaintiff's potential recovery, we rejected an approach which views the underlying injury, and not the lost chance of survival, as compensable in cases involving a preexisting condition. *Id.* Under this rejected approach, "a patient could recover *all* damages resulting from an injury for which a defendant may only be partly responsible." *Id.*

The district court submitted the following instruction, number twelve, identical in part to the instruction on proximate cause that we sanctioned in *DeBurkarte:*

One who undertakes to render services to another which he should recognize is necessary for the protection of the other's person is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking if his failure to exercise such care increases the risk of such harm.

The part omitted from this instruction, however, read

for depriving her of the opportunity to receive early treatment and the chance of realizing gain in her life expectancy and physical harm and mental comfort.

*Id.* at 138 n. 3.

In its marshalling instruction on damages, number thirteen, the district court

limited plaintiffs' potential recovery to the following elements of damage: (1) pain, suffering and mental anguish; (2) present value of Ivan Sanders' estate "had he lived out the term of his natural life;" (3) present value of prospective support to his wife; and (4) present value of prospective services to his wife and children. According to this instruction, damages would be recoverable only if "shown by a preponderance of the evidence to have been sustained as a direct and proximate result of the incident alleged herein," *i.e.*, Ghrist's negligence. No mention was made of the potential damages available under the lost chance of survival theory, notwithstanding plaintiffs' request that the following subpart, delineating the damages available under that theory, be included in the marshalling instruction:

> The present worth of the opportunity to receive early treatment and the chance of realizing any resulting gain in life expectancy and physical or mental comfort.

This requested instruction is substantially identical to a portion of the instruction we sanctioned in *DeBurkarte*. *See* 393 N.W. 2d at 138 n. 3.

■ Parties to a lawsuit are entitled to have their legal theories submitted to a jury as long as they are supported by pleadings and substantial evidence. *E.g., Fratzke v. Meyer*, 398 N.W.2d 200, 203 (Iowa App.1986). All instructions must be read and construed together, not piecemeal or in artificial isolation. *E.g., Clinton Land Co. v. M/S Assocs., Inc.*, 340 N.W.2d 232, 234 (1983). Although a trial court is free to draft jury instructions in its own language, the instructions must fairly cover the issues presented. *E.g., Hoekstra v. Farm Bureau Mut. Ins. Co.*, 382 N.W.2d 100, 110 (Iowa 1986). Relatedly, while we will not reverse and order a new trial for marginal or technical omissions, we will do so if the instructions as a whole are insufficient to convey the applicable law. *See Adam v. T.I.P. Rural Elec. Co-op*, 271 N.W.2d 896, 900–01 (Iowa 1978). Instructions should thoroughly and fully present issues to a jury so that body will have a proper understanding of the law to be applied in reaching a verdict. *E.g., Robeson*

*v. Dilts*, 170 N.W.2d 408, 414 (1969). The trial court must see to it that a jury has a clear and intelligent understanding of what it is to decide. *Gibbs v. Wilmeth*, 261 Iowa 1015, 1022, 157 N.W.2d 93, 97 (1968).

■ Instruction twelve and the instructions read as a whole fail to convey to the jury the legal theory on which a lost chance of survival recovery is based. This omission carried with it a likely misinterpretation of the law by the jury in applying both the instruction on proximate cause and the damages instruction. Regarding proximate cause, we believe the instructions as given permitted recovery if and only if the plaintiffs demonstrated by a preponderance that Sanders' pain and suffering, as well as the lost value of his estate, support and services, were "a direct and proximate result" of Ghrist's negligence. This is precisely the "all-or-nothing" liability we rejected in *Deburkarte*. *See* 393 N.W.2d at 137. As a result, were the jury to believe, as they certainly could from this record, that the underlying cancerous condition would have resulted in those damages eventually even without Ghrist's negligence, recovery must be denied. In *DeBurkarte*, however, we implicitly sanctioned plaintiffs' recoveries for a lost chance of survival even if that chance was not-better-than-even. *See* 393 N.W.2d at 136–37 ("A more rational approach, however, would allow recovery for the loss of the chance of cure even though the chance was not better than even." (quoting King, *Causation, Valuation, and Chance in Personal Injury Torts Involving Preexisting Conditions and Future Consequences*, 90 Yale L.J. 1353, 1363–64 (1981))).

Instruction twelve also directed the jury that Ghrist is rendered "subject to liability ... for physical harm ... if his failure to exercise [reasonable] care increases the risk of such harm." Accordingly, if Ghrist's negligence increased the risk of Sanders' "harm," *i.e.*, failure to survive, Ghrist would be liable for the full amount of damages resulting from Sanders' death. Liability under *DeBurkarte*, however, is not measured by the totality of the resulting physical harm but, rather, is limited to

the reduction in the chance of surviving that harm. 393 N.W.2d at 137. The harm of the district court's instruction is that the jury, not believing Ghrist responsible for the total damages, may believe that no liability is possible under this theory.

In *DeBurkarte*, we agreed with the trial court's instructions because those instructions clearly limited the damages available under the "lost chance" theory to the reduction in decedent's chance of survival. 393 N.W.2d at 137–38. Here, the district court's damages instruction failed to include such damages at all. We believe this omission resulted in an incorrect statement of the applicable law.

The legal theory supporting a recovery for lost chance of survival should be included as part of the proximate cause and the damages instructions. Plaintiffs' motion for new trial should have been granted. Accordingly, we reverse the judgment of the district court and remand this case for a new trial.

REVERSED AND REMANDED.