Connie M. MILLER and Keith V. Miller,
Plaintiffs–Appellants,

v.

Harold EICHHORN and Gloria Eich-
horn, Defendants–Appellees.

No. 87–421.

Court of Appeals of Iowa.

May 31, 1988.

Benjamin W. Blackstock, of Affeldt & Blackstock, Cedar Rapids, for plaintiffs-appellants.

William G. Nicholson, of White & Johnson, P.C., Cedar Rapids, for defendants-appellees.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Plaintiffs appeal a damage award in their favor for injuries resulting from an automobile accident. Plaintiffs claim the damage award was inadequate and there were errors in the instructions. We affirm.

A car driven by Plaintiff–Appellant Connie M. Miller collided with a car driven by Defendant–Appellee Harold Eichhorn. Defendant Gloria Eichhorn was not involved in the collision. The collision occurred when defendant backed his car from his driveway into the street. Plaintiffs sued defendants for injuries Connie allegedly received in the accident. Plaintiff Keith Miller is Connie's husband. His claim was for loss of consortium. The case was tried to a jury which found Connie's damages to be $3,569.70. The jury found no damages for Keith. The jury determined Connie's fault to be fifteen percent and Harold's fault to be eighty-five percent.

I.

Connie claims the damages as determined by the jury were inadequate. She contends the trial court should have ordered a new trial. We disagree. Connie claims the verdict is inadequate because her medical expenses nearly totaled the verdict and her medical evidence was uncontroverted.

While the jury as the trier of fact is not warranted in arbitrarily or capriciously rejecting the testimony of a witness, neither is it required to accept and give effect to testimony which it finds to be unreliable, although it may be uncontradicted. Testimony may be unimpeached by any direct evidence to the contrary and yet be so contrary to natural laws, inherently improbable or unreasonable, opposed to common knowledge, inconsistent with other circumstances established in evidence, or so contradictory within itself, as to be subject to rejection by the court or by the jury as trier of the facts.

This court has also said: "The court is not required to accept as a verity uncontradicted testimony, but might well scrutinize closely such testimony as to its credibility, taking into consideration all the circumstances throwing light thereon, such as the interest of the witnesses, remote or otherwise."

*Kaiser v. Stathas*, 263 N.W.2d 522, 526 (Iowa 1978) (citations omitted).

Connie had no visible injuries after the accident. Connie called as witnesses four doctors who had examined and treated her between the accident on February 9, 1983, and the trial in February, 1987. After the accident Connie saw her personal physician. He examined her, determined X-rays were not indicated and told her to go home and take aspirin. Her personal doctor has not seen her since March 4, 1983. Connie called as a second witness a chiropractor who had treated her prior to this accident for complaints similar to those she claims originated from the accident. He saw her in February, March, and November of 1983 for injuries from the accident. She saw him in March and May of 1984 after she was involved in a second car accident and in August 1984 after she had fallen off a horse. He saw her for the last time on April 9, 1985. He made a diagnosis of minor midthoracic distress. He did not find much distress in the cervical area. About six weeks after the accident he had reported he did not expect Connie would have permanent injury.

The third doctor made a disability determination. He had not seen Connie until May 20, 1985 over two years after the

accident. The fourth doctor did not see her until April 14, 1986. The inadequacy of damages may be cause for setting aside a jury verdict and granting a new trial. *Householder v. Town of Clayton*, 221 N.W.2d 488, 492 (Iowa 1974). The trial court has considerable discretion in ruling on a motion for new trial on the ground of inadequacy of a verdict. *Id.* at 493. The jury had to decide whether the various items of damages including medical bills were proximately sustained as a result of defendant's negligence. *See Kaiser*, 263 N.W.2d at 525. Thus the jury had to decide among other things if the problems not diagnosed until 1985 were the result of the 1983 accident or were caused by other problems. The jury also had to reconcile the opinions of the doctors treating Connie soon after the accident with the opinion of the doctor seeing her two years after the accident. The doctors seeing Connie after the accident found minor injuries; the doctors seeing her two years later found more serious injury. The jury had the right to reject the later opinions and the expenses associated with the later doctors' treatments. The trial court did not abuse its discretion in refusing to grant a new trial on the damage issue.

## II.

■ Plaintiff next challenges the trial court's submission of an instruction on mitigation of damages. Plaintiff objected to the mitigation of damage instruction claiming the failure to mitigate damages is not fault. We disagree. Iowa Comparative Fault Act, Iowa Code section 668.1, provides:

As used in this chapter, ... the term ["fault"] also includes ..., unreasonable failure to avoid an injury or to mitigate damages.

Section 668.3 provides:

In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party and the extent of the causal relation between the conduct and the damages claimed.

The statute clearly provides the unreasonable failure to mitigate damages means fault as used in the statute.

■ Defendant argues it was not error to give the instruction because there is substantial evidence plaintiff failed to mitigate damages. Defendant also argues there is substantial evidence because plaintiff claimed medical problems and the need to employ substitute labor in her business from the time of the accident to the time of trial. There were periods of time when Connie did not see a doctor regularly. We reject defendant's argument on these grounds. For the failure to consult a doctor on a regular basis to be evidence of failure to mitigate damages there must be a showing consultations on a regular basis would have mitigated damages. Connie's duty is to use ordinary care in consulting a physician. *See Shewry v. Heuer*, 255 Iowa 147, 154–55, 121 N.W.2d 529, 533 (1963); *Thomas v. Disbrow*, 208 Iowa 873, 878–79, 224 N.W. 36, 38 (1929). There is, however, testimony by one of Connie's doctors that additional chiropractic treatments would have helped Connie's condition. This evidence supports the submission of the mitigation of damage issue and is evidence from which the jury could find she did not use due care in following her doctor's advice. *See Shewry*, 255 Iowa at 155, 121 N.W.2d at 533.

## III.

Connie raises an objection to the form of the mitigation instruction. We find error on this issue was not preserved. *See Hoekstra v. Farm Bureau Mut. Ins. Co.*, 382 N.W.2d 100, 107 (Iowa 1986).

## IV.

■ Plaintiff next contends the trial court erred in submitting to the jury the issue of Connie's fault, namely her failure to have her vehicle under control and her failure to operate at a safe speed. Connie contends there was not substantial evidence to justify these submissions. Evidence is substantial when a reasonable person would accept it as adequate to reach a conclusion, regardless of whether the evi-

dence might support a different finding. *Cerro Gordo County v. Public Employment Relations Bd.*, 395 N.W.2d 672, 675 (Iowa App.1986).

Weather conditions were not good on the day of the accident. There was evidence of freezing rain. There was evidence Connie knew defendant might be backing out of his driveway but accelerated after rounding a curve 300 feet before defendant's driveway. Generally questions of negligence are for the jury. It is only in exceptional cases they may be decided as matters of law. Iowa R.App.P. 14(f)(10). We find no error in instructing on Connie's negligence. *See Cunningham v. Court*, 248 Iowa 654, 659, 82 N.W.2d 292, 295 (1957).

## V.

Connie requested an instruction on sudden emergency. She contends the trial court erred in failing to give the requested instruction. She claims the jury could have found she was excused of any negligence because of the sudden emergency caused by defendant's backing into the street. A violation of a statutory rule of the road may be excused where a driver is confronted by an emergency not of his or her own making and by reason thereof fails to obey the statute. *Bannon v. Pfeffner*, 333 N.W.2d 464, 469 (Iowa 1983). The elements of sudden emergency are: (1) the driver is confronted with a sudden emergency, (2) the emergency was not created by the driver's own negligence, (3) the driver conducted himself or herself as a reasonable person in a similar emergency. *See Jones v. Blair*, 387 N.W.2d 349, 352 (Iowa 1986). Connie is entitled to have her legal theory submitted to the jury if supported by the pleadings and substantial evidence. *See Fratzke v. Meyer*, 398 N.W.2d 200, 203 (Iowa App.1986).

We determine that defendant backing into the road could have created an emergency not of Connie's own making that could have excused Connie from failing to have control. *See Jones*, 387 N.W.2d at 353. But we do not determine the failure to give the instruction is error under this

record. We must read and construe the instructions together. *See Clinton Land Co. v. M/S Assocs., Inc.*, 340 N.W.2d 232, 234 (Iowa 1983). We find the issue of Connie's reactions to defendant's backing into the road was sufficiently before the jury and Connie was not prejudiced by the refusal to give a sudden emergency instruction. Ordinarily whether one has established a legal excuse is a question for the jury. *Jones*, 387 N.W.2d at 352.

Since December 22, 1982, Iowa has been a comparative negligence state. *See Goetzman v. Wichern*, 327 N.W.2d 742, 754 (Iowa 1982). The purpose of a sudden emergency instruction when dealing with the fault of two competing parties becomes somewhat hazy when viewed in the comparative negligence context. Although Iowa has continued to authorize the instruction after the adoption of comparative fault, *see Jones*, 387 N.W.2d at 349; *Johnson v. Junkmann*, 395 N.W.2d 862 (Iowa 1986), we note Mississippi and Montana have, with the advent of comparative fault, abolished the doctrine. *See Knapp v. Stanford*, 392 So.2d 196, 198 (Miss.1980); *Simonson v. White*, 713 P.2d 983, 990 (Mont. 1985). The Mississippi court in abolishing the doctrine said:

The hazard of relying on the doctrine of "sudden emergency" is the tendency to elevate its principles above what is required to be proven in a negligence action. Even the wording of a well-drawn instruction intimates that ordinary rules of negligence do not apply to the circumstances constituting the claimed "sudden emergency." Also it tends to confuse the principle of comparative negligence that is well ingrained in the jurisprudence of this State. The fallacy is pointed out in the instruction itself when after seemingly commenting on the evidence, the court instructs that the defendant should have "used the same degree of care that a reasonably prudent automobile driver would have used under the same or similar unusual circumstances." In this Court's opinion, the same rules of negligence should apply to all circumstances in a negligence action and

these rules of procedure adequately provide for instructions on negligence. *Knapp,* 392 So.2d at 198. *See also Simonson,* 713 P.2d at 989–90.

The Montana court in abolishing the doctrine said:

There is no reason for this instruction to ever be given in an automobile accident case. It adds nothing to the established law applicable in any negligence case, that due care under the circumstances must be exercised. "The circumstances" includes the pressure and split-second decision-making which accompanies the crisis prior to some automobile accidents. Further, a driver is never held responsible for non-negligent actions which prove, with hindsight, to have been incorrect. The instruction adds nothing to the law of negligence and serves only to leave the impression in the minds of the jurors that a driver is somehow excused from the ordinary standard of care because the emergency existed. This is not the law. *See* W. Keeton, *The Law of Torts* § 33 (5th ed. 1984).

*Simonson,* 713 P.2d at 989.

█ When an actor who, forced by exigencies, makes less than the optimal decision, the trier of fact should not necessarily find negligence but rather should consider the emergency and, accordingly, the reasonableness of the actor's conduct. The emergency doctrine is a reiteration of the reasonable man standard. *Eslinger v. Ringsby Truck Lines, Inc.,* 636 P.2d 254, 259–60 (Mont.1981). Failure to instruct on the doctrine of sudden emergency does not create a different standard or diminish the existing standard to be applied in an emergency. The conduct required is still that of a reasonable man under the circumstances as they would appear to one using proper care. The emergency is only one of the circumstances. *Eslinger,* 636 P.2d at 260.

█ While Iowa has retained sudden emergency even with the adoption of comparative fault, *see Jones,* 387 N.W.2d 349; *Johnson,* 395 N.W.2d 862, we determine the reasoning of the Montana and Mississippi court to be relevant in determining whether plaintiff's position was prejudiced by the failure to give the instruction. The trial court submitted the issue of negligence of both parties. Under the instructions given the jury could consider the fact defendant's car backed from his driveway and consider whether plaintiff's conduct in meeting the situation was reasonable. The question submitted was whether Connie reacted as a reasonable person considering defendant's action as one of the circumstances. The instructions given were that Connie was required to be reasonable under the circumstances. The instructions as given by the trial court covered what a reasonably prudent person would do under all circumstances. Defendant's backing into the street was but one of those circumstances under which Connie's was to be judged. The question was whether Connie acted as a reasonable and prudent person would have acted under the same or similar circumstances.

Furthermore, the jury was instructed Connie had the right to assume defendant would obey the law. We determine in looking at all the instructions together the issues were adequately addressed in the instructions given. We find no error. *See also Duling v. Berryman,* 227 N.W.2d 584, 588 (Neb.1975). In *Duling* the Nebraska court determined the submission of a sudden emergency issue to the jury rests in the sound discretion of the trial court. The court also discussed the difficulty in submitting an instruction applicable to only one party and the danger of prejudicial error in doing so because it may constitute a comment on the evidence in that it directs attention and gives special emphasis to a particular portion of the evidence and the particular theory of one party.

We affirm.

AFFIRMED.