Bruce A. TANBERG, Appellant,

v.

ACKERMAN INVESTMENT CO., d/b/a Best Western Starlite Village, Appellee.

No. 89–1893.

Supreme Court of Iowa.

July 17, 1991.

Kathy A. Tatone of Karon, Jepsen & Daly, P.A., St. Paul, Minn., and David S. Wiggins of Marcucci, Wiggins & Anderson, P.C., West Des Moines, for appellant.

Thomas Henderson, David L. Phipps and Megan M. Antenucci of Whitfield, Musgrave & Eddy, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

■ This case presents the issue of whether a plaintiff's failure to follow medical advice to reasonably attempt to lose weight to decrease back pain, thereby mitigating his damages, can be considered fault under Iowa's comparative fault statute. The court of appeals thought plaintiff's failure to lose weight was not such fault. We disagree and, therefore, vacate the decision of the court of appeals and affirm the district court judgment.

I. *Background facts and proceedings.* Plaintiff Bruce A. Tanberg was a guest at the Best Western Starlite Village motel, located in Ames, on August 7, 1987. On that date, while attempting to exit the whirlpool bathtub located in the bathroom of his motel room to turn off the whirlpool jets, plaintiff fell and injured his back.

Plaintiff sued defendant Ackerman Investment Co., d/b/a Best Western Starlight Village (Best Western), owner and operator of the motel, for injuries he allegedly sustained as a result of his fall. He asserted that defendant had been negligent in several respects. Plaintiff claimed injury to his back and continual pain resulting from the fall. Best Western answered plaintiff's petition by denying that it had been negligent and asserting several affirmative defenses, including that plaintiff was at fault in causing the accident and by failing to mitigate his damages by losing weight after the fall.

The lawsuit proceeded to trial under Iowa's comparative fault statute. *See* Iowa Code ch. 668 (1987).

At trial, the following evidence was presented in support of defendant's theory that plaintiff failed to mitigate his damages by losing weight after the accident: Plaintiff was five feet eleven inches tall and weighed 309 pounds at the time of the accident; testimony of Dr. Terman, plaintiff's treating physician, that he thought plaintiff's main problem was his obesity and recommended that he lose weight and referred plaintiff to a dietitian for a special diet; testimony of Dr. Noran, plaintiff's treating neurologist, that he thought losing weight could theoretically decrease the pain plaintiff was experiencing in his back because weight loss should reduce some of the load on the spine and in the long run decrease plaintiff's risk of developing more serious problems with his back; testimony of Dr. Dry, plaintiff's initial treating physician, that he did not disagree with Dr. Noran's testimony and, while he could not say that losing weight would probably decrease plaintiff's back pain, he thought carrying around excess weight might strain a person's back; and, plaintiff's testimony that Dr. Pratt advised him to lose thirty to forty pounds after the accident, that all his doctors advised him to lose weight to relieve his back pain and that he had not been as faithful in following his diets as he should have been.

After both sides rested, the court instructed the jury, in instruction 18, that plaintiff could be found at fault in connection with his damages if the jury found that he failed to keep a proper lookout, was moving too fast for existing circumstances or failed to exercise ordinary care in following reasonable medical advice. Instruction 22 stated that damages could be the fault of more than one person.

The court, over plaintiff's objection, detailed plaintiff's duty to exercise ordinary

care in following reasonable medical advice in instruction 19, which stated:

Defendant claims plaintiff was at fault by failing to exercise ordinary care to follow reasonable medical treatment.

Evidence has been introduced that damages could have been reduced to some extent if Mr. Tanberg followed his doctor's advice and lost weight. An injured person has no duty to undergo serious or speculative medical treatment, but, if by slight expense and by slight inconvenience, a person exercising ordinary care could have reduced the damages, he has a duty to do so.

Plaintiff's objection to instruction 19, as relevant, was as follows:

Comes now plaintiff and excepts and objects to instruction 19. This is not a case where the defendant—I'm sorry, where the plaintiff was given a medical treatment to treat a condition that was caused by defendant's negligence. What I am trying to say is, that in a typical case where somebody would fall and they would be required to have an operation on their back, this isn't a case where the defendant failed to have an operation on his back, the operation was caused by defendant's negligence.

In this case the record is clear that prior to this accident and during most of Mr. Tanberg's life, he was an overweight person. You cannot penalize the plaintiff for failing to lose weight after the incident, because he may have been required to lose weight because of defendant's negligence. It is not—it is not a condition that his overweight was not created by the defendants, thus he should not be penalized for not losing weight.

This is violative of the law in Iowa, where you take the plaintiff as they find them, the eggshell plaintiff rule. They took this man in his overweight condition, and he should not be penalized with any percentage of fault because of his overweight condition.

Had there been a suggestion of an operation that would make him feel bet-

ter, that instruction may be applicable, but it is not applicable in this case.

The jury found plaintiff 70% at fault for his damages and defendant 30% at fault for plaintiff's damages. Based on the jury's assessment that the plaintiff was liable for a greater percentage of the fault than defendant, the court entered judgment for defendant. *See* Iowa Code § 668.3(1).

On appeal, plaintiff only challenges the giving of instruction 19. We believe that several of plaintiff's appellate assignments of error were not preserved in his objection to instruction 19 in the trial court. We do agree, however, that plaintiff minimally preserved error on the questions of whether weight loss is encompassed within the term "mitigation of damages" under Iowa Code section 668.1(1) and, therefore, whether failure to follow medical advice to lose weight could be considered fault on the part of plaintiff.

II. *Failure to mitigate damages.* Iowa Code section 668.1(1) provides:

1. As used in this chapter, *"fault"* means one or more acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or others, or that subject a person to strict tort liability. The term *also includes* breach of warranty, unreasonable assumption of risk not constituting an enforceable express consent, misuse of a product for which the defendant otherwise would be liable, and *unreasonable failure* to avoid an injury or *to mitigate damages.*

(Emphasis added.)

Plaintiff argues that his duty to mitigate damages under section 668.1(1) does not include a requirement that he lose weight after the accident to lessen his back pain. Thus, plaintiff contends the trial court should not have given instruction 19 to the jury. Defendant's position is that 1) plaintiff is required to mitigate damages, and 2) that duty applies equally to situations in which mitigation may be accomplished by weight loss.

The recent case of *Miller v. Eichhorn,* 426 N.W.2d 641 (Iowa App.1988), interpreted section 668.1(1) to provide that unrea-

sonable failure to mitigate damages means fault as used in the statute. *Id.* at 643. Nothing in section 668.1(1) suggests that weight loss should be treated differently than any other opportunity to mitigate damages.

■ We, therefore, hold that unreasonable failure to attempt to lose weight pursuant to medical advice can be assessed as fault if weight loss will mitigate damages. We do not hold that a plaintiff must actually lose weight in order to mitigate damages; there must, however, be a reasonable attempt to do so. Since Tanberg was not "as faithful in following his diets as he should have been," a jury could find he did not reasonably mitigate damages. *Compare Fuches v. S.E.S. Co.*, 459 N.W.2d 642, 643–44 (Iowa App.1990) (failure to undergo an operation that would mitigate damages may be assessed as fault); *Miller*, 426 N.W.2d at 643 (failure to undergo additional chiropractic treatment may be assessed as fault). We do, however, note that before the mitigation instruction is given, defendant has the burden of showing substantial evidence that plaintiff's weight loss would have mitigated his damages and that requiring plaintiff to lose weight was reasonable under the circumstances. *See Sanders v. Ghrist*, 421 N.W.2d 520, 522 (Iowa 1988) (legal theories submitted to the jury must be supported by pleadings and substantial evidence); *cf. Shewry v. Heuer*, 255 Iowa 147, 154, 121 N.W.2d 529, 533 (1963).

Our decision is in accord with other jurisdictions that have considered a plaintiff's failure to lose weight as a mitigating factor when weight loss will lessen damages. *See, e.g., Kratzer v. Capital Marine Supply, Inc.*, 645 F.2d 477, 483–84 (5th Cir. 1981); *Muller v. Lykes Bros. Steamship Co.*, 337 F.Supp. 700, 706–07 (E.D.La.1972); *Anglin v. Grisamore*, 192 Ga.App. 704, 704–05, 386 S.E.2d 52, 53 (1989); *Aisole v. Dean*, 574 So.2d 1248, 1253–54 (La.1991); *Close v. State*, 90 A.D.2d 599, 599–600, 456 N.Y.S.2d 437, 439 (1982); *Armellini Express Lines v. Ansley*, 605 S.W.2d 297, 309 (Tex.Civ.App.1980). *But see Allen v. Dev-*

*ereaux*, 5 Ariz.App. 323, 326, 426 P.2d 659, 662 (1967).

These jurisdictions review each case to determine if failure to lose weight should be treated as a mitigating factor. *See, e.g., Kratzer*, 645 F.2d at 483–84 (trial court properly did not consider the defendant's argument that the plaintiff failed to mitigate his damages by losing weight where the plaintiff was not placed on any doctor-administered weight reduction program and, although doctor told the plaintiff to lose weight, the benefits of weight loss were uncertain); *Muller*, 337 F.Supp. at 706–07 (by failing to follow the competent medical advice of his doctors, the plaintiff has neglected his duty to minimize damages); *Anglin*, 192 Ga.App. at 704–05, 386 S.E.2d at 53 (not error to instruct that plaintiff could be assessed fault for failure to lose weight when no dispute existed that the surgery was unsuccessful due to plaintiff's inability or unwillingness to restrict her diet in accordance with instructions given to her); *Butler v. Anderson*, 163 Ga. App. 547, 547–48, 295 S.E.2d 216, 217 (1982) (mitigation instruction regarding the plaintiff's failure to lose weight was not error where medical evidence was introduced establishing that the plaintiff's back and leg pain was caused by her obesity); *Close*, 90 A.D.2d at 599–600, 456 N.Y.S.2d at 439 (failure to lose weight was improperly treated as a mitigating factor where the claimant made a good faith effort to lose weight); *Armellini*, 605 S.W.2d at 309 (trial court did not err in refusing to instruct on mitigation of damages for failure to lose weight where there was no evidence of plaintiff's failure to follow a diet and exercise routine nor of the results the doctors expected if the plaintiff followed the prescribed routine).

Under the present record we find no error in the trial court giving instruction 19 to the jury.

III. *Disposition.* All issues properly preserved for appeal have either been considered or are unnecessary to discuss. We express no opinion on issues not properly preserved and argued before this court.

On further review, we vacate the decision of the court of appeals and affirm the district court judgment.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.