**Randall Lee BAKER, Appellee,**

v.

**Katherine Frances BOWER, Appellant.**

No. 90–566.

Court of Appeals of Iowa.

Aug. 27, 1991.

Donald C. Hohnbaum, Christianson, Hohnbaum & George, Des Moines, for appellant.

Frederick W. Gay and Larry Krpan, Des Moines, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Plaintiff Randall Baker brought this action for damages after he was involved in a motorcycle-automobile accident with defendant Katherine Bower. A jury found Bower was 100% at fault and awarded Baker damages of over $32,000. Bower appealed. Her appeal centers around a failure to give a requested instruction. We reverse and remand for a new trial.

On June 6, 1988, at about 1:00 p.m., Baker was returning from doing some yard work for a family in West Des Moines, Iowa, to his home on Easton Avenue in Des Moines. He was driving a Honda Gold Wing motorcycle. Baker's brother-in-law, Randy Jacobs, was riding on the motorcycle as a passenger. Baker exited I–235 at Easton and was proceeding east on Easton in the curb-side lane. In this area Easton has four lanes—two going each way.

At about the same time, Bower was driving from her job as a home health care provider on Douglas Avenue to her bank on Easton Avenue. Bower approached Easton from the north on East 24th Street. East 24th Street has stop signs at this intersection, but there are no stop signs on Easton.

There is evidence that Bower came only to a rolling stop and then turned left onto Easton, cutting across the two eastbound lanes in order to turn into the driveway to her bank, which is about a half block east of East 24th. Baker saw Bower pull right in front of him, but he was unable to stop in time. Baker laid down his motorcycle. The motorcycle struck the right rear bumper of Bower's car. Baker fell on his left hip and slid on the cement roadway. Jacobs and Bower were not hurt.

Police Officer Lawrence Ihrig investigated the accident. Ihrig testified that the motorcycle's skid marks were only about five feet, which showed that the motorcycle was traveling at between twenty-five to thirty-five miles per hour. The speed limit on Easton is thirty miles per hour.

Baker brought this tort suit alleging that Bower's negligence was a proximate cause of his damages. Baker sought damages for medical expenses and future pain and suffering. The jury answered special interrogatories to find that Bower was 100% at fault. Baker was awarded total damages of $32,264. This amount represented $17,264 for past damages and $15,000 for future damages.

Bower contends the district court improperly instructed the jury. She requested the following instruction:

The laws of Iowa provide that, at the time and place and with the motor vehicles involved in this case, any speed in excess of 30 miles per hour was unlawful.

A failure to comply with this provision of law by the Plaintiff would constitute negligence.

The district court declined to give this instruction.

Bower claims there was sufficient evidence to show Baker was going over the speed limit at the time of the accident to submit this question to the jury. She testified she heard Officer Ihrig dispute Baker's statement at the accident scene that he had been going twenty-eight miles per hour at the most. Bower also testified that she had gone back to the accident site at a later date and measured skid marks of between seventy-five to eighty-four feet. Ihrig testified he felt the physical evidence showed Baker was going between twenty-five and thirty-five miles per hour. Baker testified he was going under the speed limit, and Jacobs confirmed this statement.

We agree an instruction on speed should have been given. The conflicting testimony on speed, braking, and skid marks creates a fact question which requires the submission of this issue to the jury.

Jury instructions should thoroughly and fully present the issues to a jury so that body will have a proper understanding of the law to be applied in reaching a verdict. *Sanders v. Ghrist*, 421 N.W.2d 520, 522 (Iowa 1988). Parties to a lawsuit are entitled to have their legal theories submitted to a jury as long as they are supported by pleadings and substantial evidence. *Id.* Conversely, it is error to instruct upon an issue having no substantial evidentiary support. *Miller v. International Harvester Co.*, 246 N.W.2d 298, 300–301 (Iowa 1976).

The plaintiff next argues that even if it is error to refuse the requested instruction, it was harmless for the question of speed was covered in other instructions, i.e., the assured clear distance ahead instruction and the reduction of speed to a reasonable and proper rate when approaching and traversing an intersection of public highways. We disagree.

Our supreme court has stated that instruction should fairly and completely present the jury with those issue they are to decide. *Vanderheiden v. Clearfield Truck Rentals, Inc.*, 210 N.W.2d 527 (Iowa 1973). Instructions are the jury's only source of guidance for the correct application of the law to the facts. *Id.*

We do not believe that it can fairly be said that the instructions that were given properly instructed the jury on the nature and extent of duty with reference to speed. Nor are we convinced by the plaintiff's argument that the error is harmless for at most the testimony reveals that the plaintiff's speed was just a few miles over the speed limit. We conclude the defendant was entitled to an instruction on speed and accordingly remand.

This cause is remanded for a new trial.

REVERSED AND REMANDED.