**Julianne McDONNELL, Appellant,**

v.

**Teresa L. CHALLY and Todd D. Chally, Appellees.**

**No. 93–1296.**

Court of Appeals of Iowa.

Dec. 14, 1994.

Linda Hansen Robbins of Irvine & Robbins, Cedar Rapids, for appellant.

James P. Craig and Paul D. Gamez of Moyer & Bergman, Cedar Rapids, for appellee.

Heard by DONIELSON, C.J., and HAYDEN and CADY, JJ.

DONIELSON, Chief Judge.

Julianne (Julie) McDonell appeals from the trial court's denial of her request for a new trial. She asserts the trial court erred in instructing the jury regarding her duty to mitigate damages. She also asserts the jury's award of damages was inadequate. We have reviewed the parties' arguments and applicable law and affirm the trial court's rulings.

Julie suffered neck and back injuries after the car in which she was a passenger was rear-ended by a vehicle driven by defendant Teresa Chally. At trial the jury concluded the driver of the vehicle in which Julie was a passenger was 30% at fault, Chally was 30% at fault and Julie was 40% at fault due to her failure to mitigate her damages. An instruction had been submitted to the jury by which it could find Julie had failed to mitigate her damages by failing to attempt to lose weight

and/or by failing to perform physical therapy as ordered by her doctor.

## I. MITIGATION OF DAMAGES

Julie argues it was reversible error for the trial court to instruct the jury it could find her at fault if she failed to follow her doctor's recommendations by failing to attempt to lose weight or by failing to perform physical therapy. She contends the evidence did not support giving the mitigation instruction and the instructions given were confusing and did not correctly state the law.

■ The unreasonable failure to mitigate damages constitutes fault under the Iowa Comparative Fault Act. *Miller v. Eichhorn,* 426 N.W.2d 641, 643 (Iowa App.1988). The Iowa Supreme Court has held the "unreasonable failure to attempt to lose weight pursuant to medical advice can be assessed as fault if weight loss will mitigate damages." *Tanberg v. Ackerman Investment Co.,* 473 N.W.2d 193, 196 (Iowa 1991). Before a mitigation instruction on weight loss may be given, "the defendant has the burden of showing substantial evidence that plaintiff's weight loss would have mitigated his damages and that requiring plaintiff to lose weight was reasonable under the circumstances." *Id.*

The evidence at trial reveals Julie had a life-long weight problem. Prior to the September 9, 1989, automobile accident, she had joined a weight loss program in May of 1989 and had reduced her weight from 269 pounds to 223 pounds. After the accident she continued to attempt to exercise and lose weight. Julie first saw neurologist Dr. Neiman on April 12, 1991, and at that time she had reduced her weight to 195 pounds.

Dr. Neiman diagnosed Julie as suffering from a soft tissue injury to the cervical and lumbar sacral spine. He recommended she continue to lose weight and participate in physical therapy which would involve a soft tissue manipulative program.

When Julie saw Dr. Neiman again in October 1991, her weight had increased to 222 pounds. At that time Dr. Neiman indicated weight reduction continued to be an ongoing necessity. In correspondence to Julie's family physician, Dr. Neiman stated he did not "think there is any question that weight reduction will significantly improve the discomfort of the lower back and is strongly advised." Dr. Neiman testified he was aware of no medical reason why Julie could not lose weight, and it was his opinion the failure to lose weight could delay or prevent the healing of the problems Julie had with her lower back.

Dr. Neiman found Julie's attendance at physical therapy sessions had been "somewhat erratic." During the period between her first and second appointments with Dr. Neiman Julie had attended only 9 of the 28 physical therapy sessions he had expected her to attend. Dr. Neiman testified this poor compliance lessened the effectiveness of his treatment plan.

■ When the question is whether the trial court erred in giving a requested instruction, our review is limited to the correction of legal errors. *See Sanders v. Ghrist,* 421 N.W.2d 520, 521 (Iowa 1988). We have reviewed instructions # 13, # 25, and # 26 and find no error in this case. The defendants met their burden of showing substantial evidence weight loss would have mitigated Julie's damages and that requiring her to lose weight was reasonable under the circumstances. Under *Tanberg* the trial court was bound to submit this theory of mitigation of damages to the jury, and its instructions were consistent with the *Tanberg* holding. Similarly, there was medical evidence regarding the fact physical therapy would have mitigated Julie's injuries had she regularly attended the sessions as ordered by Dr. Neiman. The failure to adhere to a doctor's recommendation for additional treatment can be assessed as fault. *See Miller,* 426 N.W.2d at 643.

Julie attempts to distinguish *Tanberg* by arguing her "main problem" was not obesity as it had been for the plaintiff in *Tanberg.* Whether her weight was her primary health problem is not controlling. In determining if the jury should have been instructed on the issue of mitigation, the question was whether weight loss would have reduced the injuries Julie suffered in the accident. The evidence established weight loss would have reduced

the lower back pain she was suffering and submission of the mitigation instruction was appropriate.

Julie further attempts to distinguish *Tanberg* by arguing her doctors encouraged her to lose weight but none of them directed her to follow a specific diet or program of weight loss. Such specific instructions were not necessary. Her physicians knew Julie had been successful at losing a substantial amount of weight in the past, and it was not necessary their medical advice include specific directions as to how she was to lose additional weight. Medical personnel advised her to lose weight and, under the circumstances of this case, *Tanberg* applied.

## II. PUBLIC POLICY

█ Julie argues the mitigation instruction discriminated against her and was against public policy because obesity is a recognized disability under the Americans with Disabilities Act. 42 U.S.C. § 12101. We have reviewed the record and find nothing to indicate this objection to the proposed jury instructions was raised and preserved for appellate review. We will not consider objections to jury instructions which were not presented to the trial court. *Kansas City Life Ins. Co. v. Hullinger,* 459 N.W.2d 889, 897 (Iowa App.1990). We express no opinion as to the merits of this public policy argument.

## III. ADEQUACY OF DAMAGES

█ The jury awarded Julie damages of $1,091 for past medical expenses and $2,000 for past pain and suffering. Julie had offered evidence of $5,457 in past medical expenses, $110 per year for future medical expenses and $160 per month for future medication costs. Julie claims the jury awarded inadequate damages, raising the presumption they were influenced by passion or prejudice. She also argues the jury's award reflects the jury ignored the court's instructions on computing damages. Our review of the trial court's refusal to grant a new trial is for an abuse of discretion. *Ort v. Klinger,* 496 N.W.2d 265, 269 (Iowa App.1992).

While the damages awarded Julie may be small, that does not necessarily mean they are unsupported by the evidence. Several factors may have influenced the jury to award such a small amount of damages. For example, the jury may not have believed all of Julie's neck or back problems were caused by the auto accident. Julie admitted during cross examination she had experienced other injuries or illnesses (including pregnancy, meningitis and gall bladder surgery) after the accident which caused her increased back or neck pain.

Julie conceded some of the medical treatment for which she sought recovery was for foot pain unrelated to the auto accident. Julie's evidence regarding the cost of her medications taken since the accident was inexact and unpersuasive. Her weak testimony in this regard may have diminished her credibility with respect to her estimates of future medication costs.

There was considerable evidence in the record to establish Julie had a long history of treatment for recurring neck and back problems. She had been receiving chiropractic treatment since 1983 and had received five chiropractic treatments in 1989 before the accident. Her chiropractor testified it was his opinion in August 1989 (the month prior to Julie's accident) she would have the need for future chiropractic care for her preexisting spinal condition. The jury may have concluded it was Julie's preexisting problems, not injuries caused or aggravated by the accident, which would necessitate future medical care.

Finally, the jury may simply not have believed Julie's injuries were as serious as she contended. She had resumed dieting and exercising as much as seven times a week following the accident. After the accident, she had reported to her diet counselor on October 27, 1989, she was feeling better than she had in a long time and was having no problems. Julie continued to work full-time and attend college.

In awarding Julie damages for past medical expenses the jury may have attempted to award her only that portion which they believed related to her injuries caused by the accident. In not awarding her future medical expenses and damages for future pain

and suffering, the jury may have reasonably concluded any need Julie would have for future medical care was necessitated by factors other than the accident. Preexisting and post-accident ailments were proper areas of consideration for the jury, and we cannot find the trial court abused its discretion in denying the request for a new trial.

**AFFIRMED.**